[Civ. No. 14715. First Dist., Div. Two. Apr. 24, 1951.]

PAUL I. READ, Respondent, v. WILMA W. READ
Appellant.

Robert M. Wiley for Appellant.

Tobriner & Lazarus and Leland J. Lazarus for Respondent.

DOOLING, J.—In 1946 the parties to this action were divorced in Nevada upon an action brought by the wife. This decree adopted the provisions of an agreement that had been entered into by the parties concerning their property rights and the custody of the four minor children of the parties. As regards the custody of the children, the agreement, and hence the decree, provided that the mother should have custody of the children with the father having reasonable rights of visitation, but only at the home of the mother.

Subsequently the father brought an action in Alameda County to modify the custody provisions of the Nevada decree. An order was made by Judge Quinn modifying the custody provisions of the Nevada decree to the extent that the father could not only visit the children at the home of the mother at reasonable times, but could take the two oldest children with him on alternate Sundays. It was further provided however that ". . . he shall not take or permit to be taken any of said children to his home nor shall he permit any of said children to meet with or to be in the company of his present wife at any time when any of said children are taken from the defendant's home . . ."; and also, "The defendant (mother) shall not by any act or word defame the character of the plaintiff or his present wife to any of said children."

On April 28, 1947, at the time of Judge Quinn's order both parties and the four minor children lived in Alameda County. The father saw his children two or three times a week.

In June, 1947, approximately two months after Judge Quinn's order, the mother sold her home in Alameda County.

Taking the four children she moved first to Calistoga, California, and then, in August, 1947, to Hemet, California, where she has since resided with the four children. Since that time the father has seen his children only once. Though the children corresponded frequently with their father at the beginning of their stay in Hemet, correspondence subsequently became very infrequent. The father's business as an accountant makes it difficult for him to travel to Hemet (near Los Angeles). It also appears that he is physically unable to drive the distance between Oakland and Hemet.

In June, 1950, the father petitioned the Superior Court of Alameda County for an order modifying the custody provisions of Judge Quinn's order. He sought the right to have the four children with him during a portion of their vacations from school. After a hearing, Judge Harris of the above court modified Judge Quinn's order so as to provide that the father have three of the children with him during the month of July every year, the remaining child to choose for herself whether or not she wished to join the others in visiting her father. From this order the mother appeals.

The jurisdiction of the court to make the order complained of is conceded. Appellant's entire appeal seems to be premised upon the basis that Judge Quinn's order was, in effect, a finding that respondent's present wife was not a fit and proper person with whom the children should associate, and that in this respect there has been no change of circumstances, although appellant also seems to argue that there is no change in circumstances in general.

The fact that at the time Judge Quinn's order was made the children and the father were all living in Alameda County, where the father could frequently see his children without difficulty, and that the children have since been removed to a distant part of the state, rendering frequent visits with their father impracticable, constitutes a sufficient change in circumstances to justify the order appealed from.

We cannot follow appellant in her argument that a finding that respondent's present wife is an unfit person to be in contact with the children must be implied from Judge Quinn's order prohibiting the father from taking the children into her presence. The present wife has no legal rights in relation to the children and if Judge Quinn deemed it better for the children not to see her under the then existing circumstances she had no legal standing to complain. It required no

724

finding of unfitness to justify that order, which sufficiently distinguishes the case of *Booth* v. *Booth,* 69 Cal.App.2d 496 [159 P.2d 93], where the mother was deprived of the custody of her own infant daughter, in which case the normal legal rights of a parent were taken from her.

Here the argument for an implied finding of unfitness is based on pure conjecture, and it may be conjectured with at least equal probability that, since Judge Quinn found it necessary to provide that appellant should not "defame the character of the . . . present wife to any of said children," he concluded that less friction would be generated by the order in the form in which he framed it. With the subsequent change of circumstances Judge Harris did not abuse his discretion in removing this restriction for the month of July, in which month under his order the father should have the children in his home.

The order appealed from is affirmed.

Nourse, P. J., and Goodell, J., concurred.