[L. A. No. 23337.   In Bank.   Aug. 3, 1956.]

GERTRUDE B. NEWELL, Appellant, v. ROBERT M. NEWELL, Respondent.

Ernest W. Pitney and Glenn A. Lane for Appellant.

Theodore A. Chester for Respondent.

THE COURT.—Plaintiff, Gertrude B. Newell, appeals from an order of the Superior Court of Los Angeles County, made on June 23, 1954, which restrained her from prosecuting an action for divorce in Idaho against Robert Newell; from taking depositions of certain named persons or of any other persons for use in such Idaho divorce action; and from taking any steps in any court in any state, other than the California court, leading to a determination of the rights of custody of the minor children of the parties.

Before this case was placed upon our calendar for oral argument, we propounded four questions to counsel for the respective parties in an endeavor to ascertain whether or not the issues involved on this appeal had become moot. In response to the questions propounded, briefs were filed by counsel for the respective parties.

The briefs filed by the parties in answer to our questions show that Gertrude, plaintiff and appellant here, received an Idaho decree of divorce on August 31, 1954, which was affirmed by the Supreme Court of Idaho on February 27, 1956. It follows, therefore, that the provisions of the restraining order prohibiting her from seeking a decree of divorce in Idaho are no longer an issue. It also appears that there is no action pending in Idaho in which depositions of California witnesses would be needed. In answer to our question concerning the order presently in effect concerning the custody of the minor children of the parties, we are advised that on March 16, 1955, two identical custody orders were made by the Superior Court of Los Angeles County in which legal custody was awarded jointly to the parties. These two orders supersede the custody provision of the order which is the subject of this appeal. There are appeals presently pending in the District Court of Appeal from the orders of March 16, 1955.

We conclude, therefore, that there is no issue involved in the appeal which requires a determination by this court.

The appeal is dismissed.

McComb, J., did not participate herein.