[L. A. Nos. 24946, 24947.  In Bank.  May 8, 1959.]

MASAKO GOTO, Appellant, v. JAMES GOTO, Respondent.

Macbeth & Ford, Malcolm S. Millard, James E. Fagan, Scott Raymond and Moira Deirdre Ford for Appellant.

William H. Neblett for Respondent.

SHENK, J.—These appeals are by the plaintiff from a part of an order awarding the custody of the minor children of the parties to the defendant and from an order denying attorney's fees on appeal.

The parties married on February 12, 1942. Denise and Hans Goto are the issue of that marriage. On November 3, 1953, they separated and on February 18, 1955, an interlocu-

tory decree of divorce was granted to the plaintiff wife. The decree provided that the plaintiff should have custody of the children then aged 12 and 4. The defendant was given visitation privileges between noon and 7:30 p. m. on alternate Sundays and alternate national holidays. The decree contained provisions for the support of the children. The final decree of divorce, entered April 19, 1956, incorporated the provisions of the interlocutory decree relating to the custody and support of the children. The decree made no provision as to where the plaintiff should reside with the children. In July 1955 she resigned her position as a physician with the Los Angeles public school department. She then moved to Oakland, California, taking the children with her. Two months after the decree of divorce became final, the plaintiff remarried and moved to Carmel with her new husband, Mr. Miura.

In September 1956 the defendant obtained an order to show cause why the custody of the children should not be changed to himself. The matter was referred to a commissioner who continued the hearing to January 16, 1957, pending the completion of a report by a court investigator. An order was made on October 29 directing that "during the period of continuance the defendant shall be entitled to physical possession of the minor children on the week-end of December 19 to December 27 providing the defendant pays and provides airplane transportation for the minor children from Carmel to Los Angeles and return."

On January 16, 1957, the court ordered: "Custody of the minor children is to remain with plaintiff until the end of the school term, in June, with right of reasonable visitation to the defendant, as heretofore ordered. . . . Further hearing on custody is to be had at a date prior to next September. . . ."

Again the matter came on for hearing on October 28 and 29, 1957. Denise was then 14 years old and Hans was 6 years, 10½ months old. The plaintiff, the defendant, and the court investigator testified at this hearing. With the consent of both parties, Hans and Denise were interviewed by the court in chambers, without a reporter, and in the absence of the parties and their counsel. The court, on October 29, 1957, ordered: "After talking with the two minor children of the parties in chambers, the Court makes the following order and findings: The Court finds that both parents are fit and proper persons to have custody of the minor children. The Court further finds that the daughter being over the age of 14 years has expressed a preference to live with the defendant and that

both children should remain together under the custody of the same parent. It is therefore ordered that custody of the minor children is awarded to the defendant; the plaintiff may have physical custody of the minor children during the months of July and August of each year, at which time the defendant shall have rights of reasonable visitation. The order for support of the minor children is vacated except for the months of July and August when the children are with the plaintiff at which time the defendant shall pay support to the plaintiff in the same amounts he has been paying. Plaintiff is to have physical custody of the minor children for one-half of the Christmas vacation and one-half of the Easter vacation to alternate each year so that the children will actually be with her on Christmas Day of one year and on Easter of the following year.''

The present appeals are from those parts of the order which award the custody of Hans to the defendant and modify the final decree relating to Hans' support and from an order requiring the defendant to pay the plaintiff $100 for attorney's fees and denying the plaintiff's motion for attorney's fees and costs on appeal.

It is the plaintiff's contention that the defendant has failed to show a change of circumstances detrimental to Hans' welfare and that in the absence of such a showing, the order changing Hans' custody must be reversed. Before reviewing the applicable legal principles, the circumstances relating to Hans' custody as it affects his welfare should be considered.

The record shows that two and one-half months after the entry of the interlocutory decree, the plaintiff removed the children from a ''fine'' home in Los Angeles to a one bedroom apartment in Oakland. The plaintiff notified the defendant by letter of the move and that he could visit the children in Oakland at the times and under the conditions specified in the decree. She stated in her letter that she had moved to take a better job. She testified to the foregoing and also that she had moved to avoid the defendant's harassment and influence upon the children. Her counsel conceded that she had violated the defendant's right of visitation. The plaintiff stated that the children were difficult to control and that it was to their benefit that they move; that during that period while she was at work, Hans' care was entrusted to Denise; that after her remarriage, she worked in the mornings as a civilian physician at Fort Ord and was free in the afternoons to care

for the children; that since the separation of the parents, Denise has shown difficulty in adjusting herself to living under her mother's custody; that in 1955 she took Denise to a psychiatrist for counseling. At that time, the plaintiff testified, Denise was "terribly confused." For a time, her interest in other children of her own age increased. Later, her interest waned, and in the words of the plaintiff, Denise became "very defiant" and "hard to handle," showed no interest in keeping her friends in Carmel, and maintained the attitude that she would be satisfied with nothing less than a change of custody. During one period when the children were visiting the defendant in Los Angeles, a private detective was hired to follow the defendant and the children. This caused Hans to become upset and ill. During the period when the children were in the plaintiff's custody, the plaintiff's sister told Denise that her father was a "rat" and that she also was "behaving like a rat." The defendant has offered to provide a new home for the children if the custody is changed to him. The defendant appears to have no disciplinary problems with them. The record shows a deterioration of the relations between the plaintiff and Denise. Hans, apparently, is well disposed toward both parents.

■ On this record, the trial court impliedly found that the welfare of both children would be best served by a change of custody. From the evidence, it may be inferred that the mother was not capable of exercising the necessary discipline and control over the children; that exposure to further calumny on the part of the plaintiff's sister would estrange them from their natural father; that the relationship between Denise and Hans was very close and that it would be for the benefit of both children that they be not separated. In the exercise of its discretion, the trial court could well conclude that the mother's personality was such that in the maturing of Hans her control over him would weaken, as it had with the elder Denise, and that Hans' best interests would therefore, be best served by placing him under his father's guidance. Without doubt the court properly appreciated that the welfare of the children was of primary concern. At the beginning of the proceedings, the court stated: "That is the question here, what is best for the children . . . It is a matter of what is best for the children now."

■ A showing of changed circumstances is required to support an order changing custody. (*Holsinger* v. *Holsinger*, 44 Cal.2d 132 [279 P.2d 961]; *Davis* v. *Davis;* 41 Cal.2d 563

[261 P.2d 729] ; 2 Armstrong, Family Law, 973ff.) ■ The determination of what is best for the children lies in the first instance in the discretion of the court and upon review, that determination will not be set aside without a showing of an abuse of discretion. "It is the settled rule that, in determining who should have the custody of the minor children of the parties to divorce actions, a very broad discretion is vested in trial courts. It is only when a clear case of abuse of said discretion is made out that this court will interfere with the determination of the trial court on appeal." (*Prouty* v. *Prouty*, 16 Cal.2d 190, 191 [105 P.2d 295].)

■ This court has declared the so-called "changed circumstance" rule to be subject to exceptions where the welfare of the child requires it. "We do not wish to be understood as holding that 'the change of circumstance' rule is an absolutely iron-clad rule and that there can be no possible exception to it. It is perhaps possible to conceive of a case in which, despite the fact that there was apparently no change of circumstances, nevertheless, the welfare of the child might require that the previous order of custody be changed. . . ." (*Foster* v. *Foster*, 8 Cal.2d 719, 728 [68 P.2d 719].)

Section 138 of the Civil Code relied upon by the plaintiff provides: "In awarding the custody the court is to be guided by the following considerations: (1) By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; and if the child is of a sufficient age to form an intelligent preference, the court may consider that preference in determining the question; (2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father." ■ As stated in *Fine* v. *Denny*, 111 Cal.App.2d 402, 403 [244 P.2d 983], "In the application of this statutory provision the court has a wide discretion and in determining whether other things are equal the primary consideration is what will promote the best interests of the child." ■ In view of the inferences drawn from the evidence in this case, the claims of both parents are not equal and it was within the discretion of the trial court to change the custody of both children to the defendant.

■ The second appeal is from an order of the trial court denying attorney's fees and costs on appeal. The motion for

attorney's fees was submitted on affidavits of the parties. The defendant's counteraffidavit charged that the appeal was not taken in good faith, but for the purpose of embarrassing him and vexatious. The order denying attorney's fees on appeal recites that the motion was denied on the ground that the appeal was not taken in good faith.

From these affidavits it may readily be inferred that the plaintiff wife was not in necessitous circumstances. The plaintiff in her affidavit averred that she was employed part time as a civilian physician at Fort Ord; that her net pay was $249 a month from which she paid annual insurance premiums of approximately $1,100; that she received $800 a year as income from separate property, and that she was chiefly dependent upon her present husband for support. In his counteraffidavit the defendant averred that the plaintiff's present husband who is now supporting her earns $12,000 a year. The trial court could have concluded from these affidavits that the plaintiff was well provided for and could have paid attorney's fees and costs from her current earnings.

■ Where an issue is submitted on affidavits, the scope of review is limited to whether there is sufficient evidence there disclosed to support the order. The express and implied findings of fact are sustained by the affidavits and are sufficient to support the order. (*Murray* v. *Superior Court*, 44 Cal.2d 611, 619, 620 [284 P.2d 1].)

The orders are affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., McComb, J., and Peters, J., concurred.