FORD, J.
 

 The questions raised on appeal relate to the matter of the custody of the minor child of the parties, Margaret Lee Immerman, who was born on September 24, 1950.
 

 The parents, David Immerman and Enid Immerman, were married on December 23, 1949, in New York City and separated on October 24, 1953. The wife left New York City with the child on the day of separation and arrived in California about October 30, 1953. Mrs. Immerman has resided in the county of Los Angeles since the last-mentioned date, and the child has been with her. On July 29, 1954, the wife filed an action for custody of the child in the Superior Court of Los Angeles County. An answer thereto was filed by Mr. Immerman on January 21, 1955. On February 23, 1955, an amended answer was filed by him. In addition to his denial that Mrs. Immerman was a fit and proper person to have such custody, he alleged by way of affirmative defense that on or about January 2, 1954, he instituted a suit against Mrs. Immerman for separate maintenance and child custody in the Supreme Court of the State of New York, in and for the County of New York, that Mrs. Immerman answered the complaint and filed a cross-complaint in that action in which she asked for affirmative relief, and that on December 28, 1954, a judgment was
 
 *124
 
 rendered in that action awarding Mr. Immerman a separation from bed and board forever and granting him the custody of the child. A certified copy of the judgment and a certified copy of the findings of fact and conclusions of law, which were attached to the original answer as an exhibit, were incorporated in the amended answer by reference. In the amended answer it was further alleged that said judgment had become final, that there had been no change in circumstances, and that the residence of Mr. Immerman and his daughter was in the County and State of New York.
 

 On June 4, 1956, Mrs. Immerman filed a second action in the Superior Court of Los Angeles County in which she sought a divorce from Mr. Immerman, custody of the child, and support and maintenance for the child. Mr. Immerman filed an answer thereto in which he denied the allegations of cruelty toward his wife, denied that Mrs. Immerman was a fit and proper person to have custody of the child, and asked that such custody be given to him. He also alleged that the New York judgment, a copy of which was attached to and incorporated in his answer, was a binding adjudication with respect to the issues raised by the complaint.
 

 On motion of Mrs. Immerman, the two actions were consolidated for the purpose of trial. At the time of trial, Mr. Immerman was permitted, without objection from Mrs. Immerman, to file a cross-complaint for divorce in the second action. It was stipulated that the allegations of the cross-complaint would be deemed denied by Mrs. Immerman. With respect to the issue of divorce, Mrs. Immerman offered no evidence in support of her complaint while Mr. Immerman offered proof in support of his claim of desertion on the part of his wife. Bach party offered evidence with respect to the issue of the custody of the child.
 

 Findings of fact were waived in each action. In the action for divorce, an interlocutory judgment of divorce was granted to Mr. Immerman under his cross-complaint, relief being denied to Mrs. Immerman with respect to that issue. In both actions, the court granted custody of the minor child to Mrs. Immerman, subject to certain rights of visitation on the part of the father. In addition, provision was made for the support of the child by the father. Bach judgment contained the following provision: “That the Court retains jurisdiction to determine any summer vacation privileges to be given defendant and eross-complainant with said child, and on June 27, 1958, the Court will conduct further proceedings herein for
 
 *125
 
 such determination. ’ ’ Each judgment was entered on December 26, 1957.
 

 On June 27, 1958, pursuant to the reservation in each judgment, the matter was again before the same judge. At that time Mr. Immerman made the request that he be permitted to take the child back to New York to visit his family during a portion of the summer vacation period. Such request was denied. The order of the court was that Mr. Immerman should have the child for certain periods of time in June, July and August, 1958, but that he was enjoined from taking the child from the southern part of the State of California. That order was signed by the court on July 2, 1958.
 

 Mr. Immerman has appealed from each judgment entered on December 26, 1957, insofar as it relates to the custody of the child, and from the order of July 2, 1958. The judgments with respect to the matter of custody duplicate one another and are, in substance, one judgment as to custody.
 
 (Wolfson
 
 v.
 
 Beatty,
 
 118 Cal.App.2d 392, 398 [257 P.2d 1017].) They will be so treated hereafter.
 

 The period of time covered by the order of July 2, 1958, has passed and the question presented with respect thereto has therefore become moot.
 
 (Newell
 
 v.
 
 Newell,
 
 46 Cal.2d 861 [299 P.2d
 
 849]; Pengelly
 
 v.
 
 Pengelly,
 
 200 Cal. 381 [253 P. 323] ;
 
 Parker
 
 v.
 
 Parker,
 
 135 Cal.App.2d 782 [288 P.2d 29].)
 

 If it be assumed that the New York judgment was before the trial court in the nature of a judicial admission since a copy thereof was incorporated in the answer of Mr. Immerman in each case and its genuineness was not denied by Mrs. Immerman by affidavit (see Code Civ. Proc., §448;
 
 Johnston
 
 v.
 
 Ota,
 
 43 Cal.App.2d 94, 98 [110 P.2d 507] ; 9 Wig-more, Evidence (3d ed. 1940), § 2596, p. 607), and if it be assumed that the New York court had jurisdiction with respect to the matter of custody in the action which resulted in its judgment (see discussion of the applicable law in
 
 Sampsell
 
 v.
 
 Superior Court,
 
 32 Cal.2d 763, at pp. 773-781 [197 P.2d 739]), the trial court in this state was not precluded thereby from determining what was required in the best interests of the child here present with respect to the matter of custody.
 
 (Foster
 
 v.
 
 Foster,
 
 8 Cal.2d 719, 726 [68 P.2d 719];
 
 Dotsch
 
 v.
 
 Grimes,
 
 75 Cal.App.2d 418 [171 P.2d 506] ;
 
 Fohey
 
 v.
 
 Fohey,
 
 152 Cal.App.2d 820 [313 P.2d 872].) The governing principle was clearly stated by the court in
 
 Leathers
 
 v.
 
 Leathers,
 
 162 Cal.App.2d 768, at page 773 [328 P.2d 853], to be that “while a custody decree of a sister state
 
 *126
 
 is enforceable, it may be reexamined for circumstances occurring after it was rendered. It is based on the theory that a custody award is never final but subject to being changed at any time . . . and that consideration for a child’s welfare precludes the settlement of a dispute between parents from becoming binding on their child.” While usually a change of circumstances must be shown, that requirement is not an absolutely ironclad rule.
 
 (Foster
 
 v.
 
 Foster, supra,
 
 at p. 728; see
 
 Goto
 
 v.
 
 Goto,
 
 52 Cal.2d 118, 123 [338 P.2d 450].)
 

 Ordinarily questions relating to the custody of children are addressed to the sound discretion of the trial court and relief cannot be afforded on appeal in the absence of an abuse of discretion.
 
 (Gudelj
 
 v.
 
 Gudelj,
 
 41 Cal.2d 202, 208 [259 P.2d 656];
 
 Frizzell
 
 v.
 
 Frizzell,
 
 158 Cal.App.2d 652, 655 [323 P.2d 188].) But in the present case the most substantial attack of the father, as appellant, upon the judgment of the trial court rests on the refusal to receive offered evidence directed to the question of the moral character of the mother. During the course of the trial, the court had a discussion with counsel in chambers. Thereafter in open court it was suggested by the court that counsel for Mr. Immerman make an offer of proof. In response, the attorney stated that he intended to prove that on August 16, 1957, Mr. Immerman went to the home of Mrs. Immerman a little after 1 p.m. to visit with the child, knowing that Mrs. Immerman would be back from vacation on that date. The offer of proof was further stated in these words: “. . . he went to the door and before knocking on the door he had heard some peculiar sounds emanating from within and tried the door and the door opened and he walked in. He put the door ajar and he saw Mrs. Immerman at that time, she was on a couch, that there was another woman present, that this other woman was sitting down; that Mrs. Immerman’s head was between her legs and her legs were bare, and the woman was redheaded, and upon seeing Mr. Immerman she ran to the rear of the house and that she slammed the door, and that he saw the child at the distant end of the room, that is, distantly removed from him; that she started screaming, ‘I am not going to let 3rou in,’ and ‘You had no right to come in,’ words to that effect.” It is clear that the evidence was offered in an attempt to prove improper conduct on the part of the mother. (See
 
 People
 
 v.
 
 Hunter,
 
 158 Cal.App.2d 500, 505 [322 P.2d 942].) The attorney further stated, in substance, that Mr. Immerman could testify to having seen Mrs. Immerman conduct herself in a
 
 *127
 
 similar way in New York City. The court sustained the objection of Mrs. Immerman’s attorney upon the ground that such evidence was immaterial.
 

 Such ruling as to the admissibility of the offered evidence was clearly erroneous and prejudicially so. In order that the best interests and general welfare of the child may be conserved, it is the duty of the trial judge to make the fullest possible inquiry in an action involving the custody of a minor child.
 
 (Faulkner
 
 v.
 
 Faulkner,
 
 153 Cal.App.2d 751, 755 [315 P.2d 14].) The moral character, acts, conduct and disposition of one who seeks the custody of a child are relevant matters which the trial court must consider.
 
 (Guardianship of Coughlin,
 
 129 Cal.App.2d 290, 293 [276 P.2d 841] ;
 
 Stewart
 
 v.
 
 Stewart,
 
 130 Cal.App.2d 186, 194 [278 P.2d 441].)
 

 It may be that the trial judge was not disposed to believe the defendant. But the trial court cannot decide in advance not to believe offered evidence and, on that ground, reject it. A hearing must precede the forming of a conclusion as to credibility. As the Supreme Court had occasion to say in
 
 Ponce
 
 v.
 
 Marr,
 
 47 Cal.2d 159, at page 163 [301 P.2d 837] : “If, on the other hand, the court excluded the defendant’s testimony . . . because it found it to be unworthy of belief, there was error in doing so. Without suggesting that the court did not have the right to disbelieve the defendant or to reject . . . [the defendant’s] testimony after hearing it, still . . . [the defendant] should not have been deprived, for that reason alone, of . . . [the defendant’s] right to present such testimony. . . . The defendant was entitled to a complete hearing, and to produce all relevant, competent and material evidence on any material issue.”
 

 Appellant calls to the attention of this court other rulings with respect to the admissibility of evidence. While there appears to be some merit in his contentions, such rulings taken together, if erroneous, in and of themselves would not be of sufficient seriousness to warrant a reversal of the judgment of the trial court. Hence there is no need to pass upon each such ruling herein. (See
 
 Miller
 
 v.
 
 Hicken,
 
 92 Cal. 229, 234 [28 P. 339]
 
 ; Engineering Service Corp.
 
 v.
 
 Longridge Inv. Co.,
 
 153 Cal.App.2d 404, 417 [314 P.2d 563]; 4 Cal.Jur.2d, Appeal and Error, § 531.) Complaint is also made by appellant of certain statements and conduct on the part of the trial judge, but no discussion thereof is necessary herein because it is not probable that such matters will reoccur upon a retrial of the issue of custody.
 

 
 *128
 
 The appeal with respect to the order of July 2, 1958 (2d Civil No. 23700) is dismissed since that matter is now moot. The judgment in each case with respect to the custody of the minor child (which is the subject of the appeal in 2d Civil No. 23656 and in 2d Civil No. 23657) is reversed.
 

 Shinn, P. J., and Vallée, J., concurred.