[Civ. No. 24125.   Second Dist., Div. One.   June 28, 1960.]

MASAKO GOTO, Respondent, v. JAMES GOTO, Appellant.

William H. Neblett for Appellant.

Hahn, Ross & Saunders for Respondent.

WOOD, P. J.—Defendant appeals from parts of an order modifying an order relating to the custody and support of a minor child.

Appellant contends that the court abused its discretion in modifying the order.

Plaintiff obtained an interlocutory judgment of divorce on February 18, 1955. The judgment awarded to plaintiff the custody of the two children—Denise, who was then 12 years of age, and Hans, who was then 4 years of age. Defendant was given certain visitation privileges, and he was ordered to pay to plaintiff $300 a month for the support of each child—$100 of which was to be used for the child's support, and $200 was to be deposited by plaintiff in a trust account for the child. The final judgment, which was entered on April 19, 1956, incorporated the provisions of the interlocutory judgment with respect to the custody and support of the children.

Plaintiff and defendant are doctors of medicine.

In July, 1955, prior to the final judgment, plaintiff resigned her position as a physician with the Los Angeles Board of Education and moved to Oakland, and took the children with her. Two months after the final judgment was entered, plaintiff married Mr. Miura and they moved to Carmel, and the children resided with them.

In September, 1956, defendant obtained an order requiring plaintiff to show cause why the interlocutory judgment should not be modified by awarding the children to him.

On August 29, 1957, an order was made awarding the custody of the children to defendant; and providing that plaintiff have the physical custody of the children during July and August of each year. The order also provided that the order for support of the children was vacated except for the months of July and August, during which months defendant should pay the same amount he had been paying for support of the children. On May 8, 1959, the order of August 29, 1957, was

affirmed on appeal. (*Goto* v. *Goto*, 52 Cal.2d 118 [338 P.2d 450].)

On May 26, 1959 (about three weeks after the Supreme Court decision) defendant obtained an order requiring plaintiff to show cause why the order of August 29, 1957, should not be modified by cancelling the provisions that plaintiff have the physical custody of Hans during July and August of each year.

On June 23, 1959, plaintiff obtained an order requiring defendant to show cause why the order of August 29, 1957, should not be modified by awarding the custody of Hans to her.

A hearing on the two orders to show cause was held, and on July 14, 1959, an order was made awarding the custody of Hans to plaintiff during the school year, and awarding the custody to defendant during the summer vacation and on specified holidays. The order also provided that "defendant shall arrange for and shall pay for all transportation costs to and from the plaintiff's residence and his own"; and that "the support of Hans is reinstated, in that it is ordered that the defendant shall pay to the plaintiff for the support of . . . Hans, the sum of $300.00 per month, . . . until further order of Court, and that the plaintiff shall use $100 for the support of . . . Hans, and that the balance of $200 she shall place in a Trust Account in her name as Trustee for Hans Goto."

Defendant appeals from the portions of the order of July 14, 1959, awarding custody of Hans to plaintiff; ordering defendant to pay transportation costs; and ordering defendant to pay $300 a month for the support of Hans.

Appellant contends that the court abused its discretion in awarding the custody of Hans to plaintiff. He argues that plaintiff made no showing of a change of circumstances to justify the change of custody; the court did not consider the welfare and best interests of Hans; and that the record shows that the court based its decision upon the theory that Hans was of a tender age which required him to be with his mother (plaintiff), thereby nullifying the order of August 29, 1957, and the decision of the Supreme Court affirming that order.

At the time of making the order of August 14, 1957 (awarding custody of both children to defendant), Denise was over 14 years of age, and she expressed a preference to live with defendant. It appears that the judge who made that order was of the opinion that since he intended to award custody of Denise to defendant (according to her expressed preference)

he should also award the custody of Hans to the defendant so that the children would be together.

The Supreme Court, in affirming the order of August 29, said, at page 122: "From the evidence it may be inferred that the mother was not capable of exercising the necessary discipline and control over the children; that exposure to further calumny on the part of plaintiff's sister would estrange them from their natural father; that the relationship between Denise and Hans was very close and that it would be for the benefit of both children that they not be separated. In the exercise of its discretion, the trial court could well conclude that the mother's personality was such that in the maturing of Hans her control over him would weaken, as it had with the elder Denise, and that Hans' best interests would therefore, be best served by placing him under his father's guidance." It was also said therein, at pages 122 and 123: "A showing of changed circumstances is required to support an order changing custody. [Citations.] The determination of what is best for the children lies in the first instance in the discretion of the court and upon review, that determination will not be set aside without a showing of an abuse of discretion. 'It is a settled rule that, in determining who should have the custody of the minor children of the parties to divorce actions, a very broad discretion is vested in trial courts. It is only when a clear case of abuse of said discretion is made out that this court will interfere with the determination of the trial court on appeal.' [Citation.] This court has declared the so-called 'changed circumstances' rule to be subject to exceptions where the welfare of the child requires it. . . . Section 138 of the Civil Code . . . provides: 'In awarding the custody the court is to be guided by the following considerations: (1) By what appears to be for the best interest of the child in respect to its temporal and its mental and moral welfare; and if the child is of a sufficient age to form an intelligent preference, the court may consider that preference in determining the question; (2) As between parents adversely claiming the custody, neither parent is entitled to it as of right; but other things being equal, if the child is of tender years, it should be given to the mother; if it is of an age to require education and preparation for labor and business, then to the father.' As stated in *Fine* v. *Denny*, 111 Cal.App.2d 402, 403 [244 P.2d 983], 'In the application of this statutory provision the court has a wide discretion and in determining whether other things are equal the primary consideration is what will pro-

mote the best interests of the child.' In view of the evidence in this case, the claims of both parents are not equal and it was within the discretion of the trial court to change the custody of both children to the defendant.''

At the time custody of the children was awarded to defendant (on August 29, 1957), Hans was about 7 years of age, and Denise was about 14½ years of age. Plaintiff then resided in Carmel and worked in the mornings as a physician at Fort Ord. During the time plaintiff was working there, Denise took care of Hans.

Within a few weeks after the custody of both children had been awarded to defendant, he placed Hans in the home of defendant's sister where Hans remained about nine months; and during that time Denise and Hans were living in different homes—Denise was with defendant in South Pasadena, and Hans was in Montebello. At the time custody of the children was awarded to him, the defendant had not remarried. He remarried in February, 1958.

At the time custody of Hans was awarded to plaintiff (July 14, 1959) he was about 9 years of age (two years older than he was when his custody was awarded to defendant). In June, 1959, Hans completed the third grade in school, and Denise completed the junior year in high school. There was evidence that defendant's wife, Rose (who was about 15 years younger than Hans' mother) had assumed, in general, the care of Hans; and that she had on one occasion refused to permit plaintiff (the mother) to visit Hans; and that on another occasion she had refused to permit plaintiff to have Hans with her for a few days during Christmas vacation.

At the time of making the order from which this appeal was taken, the trial judge said: That he found that each parent was fit to have custody of Hans; that ''it is simply as to the best interests of the boy [Hans] to make the arrangements I have made [awarding custody of Hans to plaintiff]''; that he disagreed with the other judge (who made the order of August 29) who ''placed so much emphasis on the two children being together,'' but ''granting that the [other] judge was right in finding it important at that time,'' he (the present judge) found ''that at this time, two years later, because the girl is two years older, and the boy is two years older, and the relationship between the two is different,'' there ''is a sufficient change to justify my order.''

Since the children, at the time the order herein was made, were two years older than they were when the previous

order was made, the trial judge could reasonably infer that the relationship between the children had changed and that the best welfare of Hans would not require that the two children be together. At the time of making the order herein, Denise was about 16½ years of age and had finished junior year in high school; and Hans was about 9 years of age and had finished the third grade in school. Also, the trial judge might reasonably have inferred that the remarriage of defendant after the previous hearing, and the assumption of care of Hans by defendant's wife, Rose, was a substantial change of circumstances which had a material bearing with reference to the welfare of Hans and to the right of plaintiff to visit him. The court did not abuse its discretion in awarding the custody of Hans to plaintiff.

As above shown, the court order of July 14, 1959, stated that "the support of Hans is reinstated, in that it is ordered that the defendant shall pay to the plaintiff for the support of the minor child, Hans, the sum of $300 per month . . . and that the plaintiff shall use $100.00 for the support of the minor child, Hans, and that the balance of $200.00 she shall place in a Trust Account in her name as Trustee for Hans Goto."

Also, as above shown, the order of August 29, 1957, included a provision that the prior order for support of the children "is vacated except for the months of July and August when the children are with the plaintiff at which time the defendant shall pay support to the plaintiff in the same amounts he has been paying."

As above stated, the appeal is from portions of the order of modification which relate to: custody of the boy; his transportation costs when he goes to and from defendant's home; and his support.

Respondent (plaintiff) states in her brief that since appellant, in his opening brief, discussed and urged only his appeal as to custody, that respondent would deem that appellant had abandoned his appeal as to transportation costs and support.

Appellant states, in his reply brief, that he has not abandoned his appeal as to transportation costs and support, and that his contention on appeal regarding custody applies also to those matters. He argues further that the court merely reinstated the former order; that an order, once vacated, may not be reinstated; that there was no testimony showing necessity for support of the boy; that the order herein for support is void, at least to the extent of reestablishing a $200-a-month trust fund for the boy.

It does appear that appellant has not discussed or urged, in his opening brief, his appeal regarding transportation costs or support, except that under the heading of ''Conclusion'' he states that the court, without any evidence to support its order, restored the vacated order that defendant pay $300 a month for support of the boy. It also appears that appellant has not discussed the matter of transportation costs in either of his briefs. In any event, the appeals as to transportation costs and support will be considered.

Since appellant's discussion of the matter of support was in his reply brief, the respondent of course did not have an opportunity to reply thereto in her brief. At the oral argument on appeal, however, respondent's counsel referred to the reporter's transcript (beginning at p. 173) and stated, in effect, that the appellant's conduct (or lack of response to the judge's statements) invited the order that was made regarding support.

At the hearing, plaintiff's counsel asked defendant (appellant) whether his income for the first six months of 1959 was approximately the same as his income was for the first six months of 1958. Defendant's counsel objected to the question on the ground that it was immaterial. Plaintiff's counsel said that plaintiff was asking for custody, and if the court granted custody it would be required to make an order for support. Plaintiff's counsel also said that the order to show cause did not include an application for support, but that support flows as a matter of course if the custody is changed. The objection was overruled. Defendant answered that his gross income for the first six months of 1959 was approximately the same as his gross income for the same period in 1958, and that his gross income for 1958 was $100,000 more or less. The judge said that he would assume that if plaintiff has custody she would be entitled to support for Hans ''unless somebody requests a change, we already have an amount in the record.'' The judge said that ''Unless one side or the other is requesting a change [change as to amount of support], I don't think we need evidence.'' The judge also said, ''I think this other problem [referring to support] will require no evidence.'' Thereupon counsel for plaintiff said, ''That is all, Judge.'' Then counsel for defendant said, ''That is all.''

It thus appears that when plaintiff's counsel inquired as to defendant's income, counsel for defendant made a general objection on the ground of immateriality. After plain-

tiff's counsel stated in effect that the inquiry related to the matter of support, the objection was overruled. The statements thereafter made by plaintiff's counsel and the judge, as above shown, indicate that a matter to be determined by the court was the amount defendant should pay for the support of the boy. Defendant did not make an objection when the judge made statements to the effect that he would assume that if plaintiff has custody she would be entitled to support for the boy, and that unless someone requested a change of the prior order he thought that no evidence would be required. Such statements of the judge were tantamount to saying that if custody is awarded to plaintiff, she would be entitled to support money for the boy, and that the amount to be allowed for support should be the same as that in the prior order when the plaintiff had custody. No statement was made by appellant in response to such statements by the judge. At the time the judge made such statements, the question as to custody had not been decided. The references to the transcript show that the parties proceeded with the hearing on the theory that the matter of support was to be determined by the court, and that additional evidence would not be required. The conduct of appellant, at the time of and subsequent to those statements by the judge, was tantamount to an approval of the procedure for fixing the amount of support. The trial judge was not given an opportunity to consider the objections regarding support which are now made on appeal. If objections had been made at the hearing, it is to be assumed that respondent, with the approval of the judge, would have continued with the presentation of evidence on the subject of support. The defendant (the father) had a legal obligation to support the boy, and when the custody of the boy was awarded to plaintiff (the mother) the judge was justified, under the circumstances herein, in ordering that defendant pay for the support of the boy. The evidence shows that defendant is well able to pay for such support. Under the circumstances herein, the judge was justified in making the order for support that was made.

The transportation costs referred to in the order were costs for transporting the boy to and from the father's home, when the boy was to be with his father. Since the transportation is required in order for the boy to be with his father, it is proper that the father (defendant) should pay such transportation expenses. No specific amount was ordered to be

paid therefor. The trial court did not err in ordering defendant to pay for the transportation.

The portions of the order appealed from are affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied July 18, 1960, and appellant's petition for a hearing by the Supreme Court was denied August 24, 1960. Schauer, J., and White, J., were of the opinion that the petition should be granted.