[Civ. No. 24635. Second Dist., Div. Two. Dec. 21, 1960.]

MASAKO GOTO, Respondent, v. JAMES GOTO, Appellant.

William H. Neblett for Appellant.

Hahn, Ross & Saunders for Respondent.

FOX, P. J.—Defendant appeals from an order denying his motion to terminate a trust, or in the alternative to appoint a new trustee, in certain moneys held by plaintiff for their minor child, Denise. Plaintiff and defendant were formerly husband and wife. Two children, Denise and Hans, were born of the marriage. An interlocutory decree of divorce was granted the wife in April 1955. The decree awarded the custody of the children to the plaintiff. The decree contained the following paragraph relative to the support of said children:

"Until further order of the Court, the defendant shall pay to the plaintiff for the support of the minor children the sum of Three Hundred Dollars ($300.00) per month for each child (a total of $600.00 per month) ; that these payments shall be made on the first day of each and every month; commencing April 1, 1955, and shall be made until the children die, marry or reach the age of 21 years, or until further order of Court; that the plaintiff shall use $100.00 out of each $300.00 per month for the support of each minor child; and with the balance of $200.00 per month for each child, the plaintiff shall open two separate trust accounts in her name as trustee for Denise Goto and in her name as trustee for Hans Goto and shall deposit said amounts into each of said accounts

and that the plaintiff as trustee shall make annual reports of her dealings with the trust to the court in this action.''

These provisions for the custody and support of the children were incorporated in the final decree entered in April 1956.

In October 1957, the custody of the minor children was awarded to the defendant, and the order for their support was vacated.

In July 1959, the custody of Hans was again awarded to plaintiff, and the provision in the decree for his support was reinstated. The order further provided that ''plaintiff's visitation and custody of Denise is terminated, except as to occasions when Denise desires to see her mother.''

Defendant has made the required payments for the support of the minor children. Plaintiff, in accordance with the direction contained in the interlocutory decree, established a separate trust account in her name as trustee for each of the children. At the time of the hearing in the instant matter there was in excess of $6,000 in each of these accounts.

In October 1959, defendant gave notice of motion to terminate the trust in plaintiff insofar as Denise was concerned, and to return the money to defendant or appoint some other trustee to hold said funds for the benefit of Denise. He later served an amended notice of motion to terminate all powers of plaintiff as trustee, cancel the trust and turn the trust funds over to himself, or appoint some bank to hold said trust funds as trustee for Denise. Defendant based his motion upon the pleadings, records and files in this action, the decision of the Supreme Court in *Goto* v. *Goto,* 52 Cal.2d 118 [338 P.2d 450], and the affidavit of his counsel. The motion was opposed by an affidavit of plaintiff's counsel. No oral testimony was offered. In addition to enumerating and summarizing the proceedings that had previously taken place relative to the custody of these children, the affidavit on behalf of defendant points out that the order of July 1959, which again gave the custody of Hans to plaintiff, also provided with respect to Denise that ''plaintiff's visitation and custody of Denise is terminated, except as to occasions when Denise desires to see her mother''; and asserts that the effect of plaintiff's affidavit on which her order to show cause why she should not again have the custody of Hans, was to abandon Denise to her father, the defendant. This affidavit further asserts that for more than four years a state of antagonism and ill feeling between plaintiff and her daughter Denise has existed which renders it impractical and

impossible for the trust fund now held by plaintiff to be administered for the best interests of Denise.

In his points and authorities, defendant cites *Goto* v. *Goto,* 52 Cal.2d 118 [338 P.2d 450], and particularly pages 122 and 123, where the court discusses the relationship between plaintiff and Denise.

The affidavit of counsel for plaintiff states that defendant is a medical doctor, with gross earnings of approximately $90,000 a year; that he has a great deal of animosity toward the plaintiff, and that he is seeking to obtain control of the trust fund for Denise so that he may use the same as he sees fit. The affidavit further states that there has been no misuse of the funds, and that plaintiff has meticulously deposited all the moneys received in the said trust account and has not used it for any purpose whatsoever; that the basis for the court order as originally made was for the support of the minor children; that the $100 per month was for the ordinary needs of the children such as food and clothing; that the extra $200 a month that was required to be deposited in a bank in plaintiff's name as trustee was to be held for emergencies, illness, education, and for the benefit of the minor children, but was to be under the control and discretion of plaintiff; that the aforesaid $200 was a part of and for the support of the minor children that defendant was ordered to pay plaintiff. This affidavit further states that there is no animosity or hostility whatsoever between plaintiff and her daughter Denise; it further asserts that Denise reached the teen-age period where she preferred to live in Los Angeles with all its advantages rather than in the somewhat rural area of Watsonville, California.

The court denied defendant any relief. It is from this order that defendant has appealed.

In seeking a reversal of the court's order denying his motion to terminate the trust defendant initially contends that the order in the interlocutory decree setting up the trust funds is void on the face of the record on the theory that the court had no jurisdiction to make the order since its purpose was to anticipate the future needs of the children. In making this contention defendant fails to fully appreciate the significance of the financial provisions for the children. Section 139 of the Civil Code reads, in part, as follows: "In any interlocutory . . . decree of divorce . . . the court may compel the party against whom the decree . . . is granted . . . to make suitable allowance for the support, maintenance and educa-

tion of the children of said marriage during their minority. . . ." Thus the court had express statutory authority to make suitable allowance for the support, maintenance and education of these children. ██ The court exercised that authority by ordering that "the defendant shall pay to the plaintiff *for the support of the minor children the sum of $300 per month for each child* . . ." (Emphasis added.) It is not suggested that this was not a "suitable allowance" for the support, maintenance and education of each of these children. Nor could it well be so argued in view of the father's gross professional income of approximately $90,000 per annum. ██ In harmony with the express provisions of section 139 of the Civil Code, the court ordered these payments to be made monthly until each child reached the age of 21 years unless in the meantime the child died or married, or the court made a different order. Thus the court made provision for the month-to-month needs of the children as contemplated by the statute. Defendant seems to have the idea that because the court ordered $200 out of each payment to be placed in a trust account in plaintiff's name as trustee for each child that such fund cannot be used until some indefinite time in the future to meet some presently unexpected contingency. Such is not the effect of the order. The financial provision for the children in the decree means that of the $300 per month that defendant was required to pay plaintiff for the support of each child, plaintiff could spend $100 thereof per month without accounting therefor, but she must account to the court each year for her expenditure of the remaining support money for each child. This is simply an attempt on the part of the court to safeguard the major part of these support payments, recognizing it would be difficult to keep an account of each little item, e.g., money spent for food that plaintiff bought for the children. But the $200 per month was also for the support of each child, to be spent in plaintiff's good-faith discretion, and the provision requiring plaintiff to report to the court was to make sure she exercised an honest and reasonable judgment in handling these funds for the benefit of the children. The fact that plaintiff by frugality or by maintaining less expensive living standards than when she and defendant lived together, or by personally taking care of the medical needs of the children, since she is a doctor, or by some other means managed to accumulate a substantial amount in the trust accounts, cannot be used now to cast doubt upon the jurisdiction of the court to make the original support provisions for the children.

Defendant's reliance on *Primm* v. *Primm*, 46 Cal.2d 690 [299 P.2d 231], in support of his contention that the court lacked jurisdiction to provide for the trust arrangement for handling a portion of the support money for the children, and that therefore the trust provision is void, is misplaced. The factual situation and the procedural posture of the instant proceeding is so different from that in the Primm case that the latter has no pertinency here.

Defendant argues that since plaintiff no longer has any custody or control of Denise the trust should be terminated and the money turned over to him. At the time of the instant hearing the father had the custody of Denise. She was living in his home, attending school, and apparently being supported by him. These circumstances, however, do not necessarily mean that the trust has fully served its purpose. As pointed out above, the provisions of the decree sought to provide for the support, maintenance, education and financial protection of these children until each child reached the age of 21. But misfortune may, in the meantime, befall defendant and thus leave unfulfilled the contemplated support of and the educational program for Denise. In such eventuality, the trust fund held by plaintiff would be available to carry out the purposes for which the trust was originally set up. True, this eventuality may be said to be slight, but it does show that the trust has not fully served its purpose. If defendant should pass on before Denise reaches the age of 21 the mother would automatically be entitled to her custody. If this fund is kept intact, plaintiff would be in a position immediately to resume her support and to carry forward her educational program. The welfare of the minor would thus be protected. In these circumstances it would seem that a court of equity should be slow to terminate the trust and dispose of the corpus absent a persuasive reason therefor, and no such reason appears. No harm can come to anyone by allowing this fund to remain intact until Denise reaches 21. The chancellor, therefore, did not abuse his discretion in denying defendant's motion to terminate the trust.

Defendant further contends that in the event the trust is not terminated the plaintiff should nevertheless be removed as trustee and a new trustee appointed. It is not claimed that plaintiff has mishandled or failed to account for any of the trust funds. Defendant's principal basis for attempting to have plaintiff removed as trustee is that there is hostility between the mother and daughter which makes it difficult to

execute the trust impartially. █ "Antagonism . . . between trustee and beneficiary, is not of itself sufficient ground for the removal of the trustee." (49 Cal.Jur.2d, § 169, p. 27.) Furthermore, as matters now stand, with Denise in the custody of her father who is supporting and educating her, there does not appear to be any occasion for any active administration of the trust. █ The matter of the removal of a trustee is one that rests within the sound discretion of the trial court. (*Estate of Keyston*, 102 Cal.App.2d 223, 228 [227 P.2d 17].) It cannot be said, as a matter of law, that the court abused its discretion in denying defendant's motion to remove plaintiff as trustee.

The order is affirmed.

Ashburn, J., and Herndon, J., concurred.