[Civ. No. 6782.   Fourth Dist.   Oct. 19, 1962.]

IRIS GAYLENE LOUDERMILK, Plaintiff and Respondent, v. ROBERT JAMES LOUDERMILK, Defendant and Appellant.

Newberry, Prante & Biggins and Paul Newberry for Defendant and Appellant.

Fitzgerald & Fitzgerald and Clifford K. Fitzgerald for Plaintiff and Respondent.

COUGHLIN, J.—This is an appeal from an order modifying the custody provisions of an interlocutory decree of divorce. The plaintiff, respondent herein, was awarded an interlocutory decree of divorce from the defendant, appellant herein, which contained the following provisions:

"It Is Further Ordered Adjudged and Decreed, That in compliance with Stipulation on file herein that the care, custody and control of the minor child of these parties, to wit: Sherri Lynn Loudermilk, born July 26, 1955, shall be awarded jointly to both of these parties and that the Defendant shall have the physical custody of said child until further order of this Court and the Plaintiff shall have the reasonable right of visitation with said child."

A year and a half later, the plaintiff requested that she be awarded custody of the minor, and moved that the interlocutory decree be amended accordingly. Her motion was granted. The defendant appeals.

At the time the interlocutory decree was entered the plaintiff was in ill health; the defendant was living with his mother who was caring for the child; and the child, a daughter, was 4 years of age and not attending school. Thereafter the defendant and his daughter moved to Los Angeles County; for a time lived with his sister in Anaheim; then lived in a motel; subsequently married and, with his second wife and

daughter, moved into a home at La Puente. In the meantime the daughter became of school age and was attending school. The evidence indicates that upon the mother's departure after visiting her daughter, the latter would get emotionally upset. At the time of the hearing on the motion for modification, the plaintiff was in good health; had married a second time; was residing in an apartment at Pacific Beach; and had made arrangements for her daughter's attendance at school.

In making its modification order, apparently the court was guided by the provisions of Section 138 of the Civil Code which directs that:

"[O]ther things being equal, if the child is of tender years, custody should be given to the mother;" impliedly found that "other things" were equal; and awarded custody to the plaintiff, subject to visitation by the defendant. The defendant contends that the court erred in thus modifying its previous order because there was no showing of a change in circumstances since entry of the interlocutory decree awarding him custody, and cites the decisions in *Prouty* v. *Prouty*, 16 Cal.2d 190, 193 [105 P.2d 295]; *Stagliano* v. *Stagliano*, 125 Cal.App.2d 343, 347 [270 P.2d 91]; *Johnson* v. *Johnson*, 72 Cal.App.2d 721, 723 [165 P.2d 552], and similar cases, in support of this contention.

The rule which directs that a custody order will not be modified except upon a showing of a change in circumstances after entry of the original decree is not ironclad (*Goto* v. *Goto*, 52 Cal.2d 118, 123 [338 P.2d 450]; *Immerman* v. *Immerman*, 176 Cal.App.2d 122, 126 [1 Cal.Rptr. 298]; *Ducharme* v. *Ducharme*, 152 Cal.App.2d 189, 193 [313 P.2d 33]; *Newell* v. *Newell*, 146 Cal.App.2d 166, 174 [303 P.2d 839]; *Disney* v. *Disney*, 121 Cal.App.2d 602, 607 [263 P.2d 865]; *Bemis* v. *Bemis*, 89 Cal.App.2d 80, 91 [200 P.2d 84]); is one adopted by the courts to preclude the incessant reexamination, in custody matters, of questions previously determined (*Foster* v. *Foster*, 8 Cal.2d 719, 727 [68 P.2d 719]; *Peterson* v. *Peterson*, 64 Cal.App.2d 631, 634 [149 P.2d 206]; *Olson* v. *Olson*, 95 Cal.App. 594, 597 [292 P. 1113]; and is not applicable to those situations, such as the one at bar, where the original order was entered upon a stipulation. (*Bernstein* v. *Bernstein*, 80 Cal.App.2d 921, 924 [183 P.2d 43]; *Peterson* v. *Peterson, supra,* 64 Cal.App.2d 631, 633.) Where the custody of a minor has been awarded pursuant to an agreement between the parties, the placement has been made without court determination as to what would be for the best interests

of the child; the primary question which a court must answer in such a proceeding has not been litigated; and, under these circumstances, as the reason for the rule does not exist, it should not be applied.

Furthermore, in the instant case, there were facts indicating a change of circumstances. The mother's health had improved; she had remarried; the father also had remarried; he had removed his residence from San Diego County to Los Angeles County; as a practical matter, the change in residence would limit the opportunities which the little girl might have to visit with her mother; the child no longer was being cared for by her paternal grandmother, but instead, by her stepmother; she was approximately 6 years of age instead of 4; and was attending school. The facts in *Bernstein* v. *Bernstein, supra,* 80 Cal.App.2d 921, 924, are strikingly similar to those in the instant case, and the decision therein is authority for the order under review.

There is evidence which, if it had been accepted by the court, would have supported a denial of the mother's request for a modification. Relying upon this evidence, the father contends that the order made is error. However, the trial court is the sole judge of the credibility of the witnesses and the weight of the evidence, and its decision with respect thereto will not be disturbed on appeal. (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231].)

"In a divorce proceeding involving the custody of a minor, primary consideration must be given to the welfare of the child. The court is given a wide discretion in such matters, and its determination will not be disturbed upon appeal in the absence of a manifest showing of abuse." (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 208 [259 P.2d 656].)

No abuse of discretion is shown in the instant case.

The defendant also contends that the court erred in admitting testimony, over his objection, relating statements made by plaintiff to the customs officers when she returned to the United States after a visit to Tijuana, and amphetamine tablets were found in her purse. The defendant contended that the incident in question was a factor which should be considered by the court in determining custody. The plaintiff testified that she had purchased these tablets in Tijuana because she understood they could be used to reduce her weight; that when she came across the border she was asked if she had anything to declare, to which she replied: "No"; and that she then was asked if she had bought anything, and she said:

"Yes," handing the officers her purse. Thereafter she was interrogated by the officers and released. The defendant claims that the testimony in question was hearsay. This is without merit. The statements by the plaintiff and by the officers are proof of what was said at the time in question (*Werner* v. *State Bar*, 24 Cal.2d 611, 621 [150 P.2d 892]) ; are a part of the res gestae of the incident under review (*Orella* v. *Johnson*, 38 Cal.2d 693, 696 [242 P.2d 5] ; *Kyle* v. *Craig*, 125 Cal. 107, 113-114 [57 P. 791]) ; and are direct evidence of the plaintiff's intention in the premises. (*Bridge* v. *Ruggles*, 202 Cal. 326, 330 [260 P. 553].)

The order is affirmed.

Griffin, P. J., and Stone, J.,* concurred.

*Assigned by Chairman of Judicial Council.