[Civ. No. 7432.   Fourth Dist.   Aug. 9, 1965.]

GLENN R. FEIST, Plaintiff and Appellant, v. ELIZABETH
L. FEIST, Defendant and Respondent.

Glenn R. Feist, in pro. per., and Hugh E. McColgan for Plaintiff and Appellant.

Condra & Condra and Crandall Condra for Defendant and Respondent.

BROWN (Gerald), P. J.—This is an appeal by the plaintiff husband in a divorce action from an order modifying the interlocutory and final decrees of divorce awarding exclusive custody of the five children of the marriage to the defendant wife and ordering payment of $60 per month child support for each child. Both parties have remarried since their divorce.

The interlocutory decree entered December 20, 1960, awarded the parties joint custody of the children, made provision for actual custody of the children during certain periods of each year, and required plaintiff to pay $70 per month support for each child when with the defendant.

On January 26, 1962, when the final decree was entered, by stipulation the parties obtained an order modifying the interlocutory decree. This order awarded the parties joint custody of the children, gave the plaintiff actual custody, and specified certain rights of the defendant to reasonable visitation. The order contains no express provision for child support. A paragraph of the property settlement agreement, not before us but probably relating to support, is suspended so long as the order is in effect.

In February 1963, the defendant wife sought an order

modifying the interlocutory and final decrees to grant her exclusive custody of the children and child support. After hearing the matter, the court entered its order, which, although it purports to strike only the support provisions of the earlier decrees, proceeds to make both support and custody provisions inconsistent with the earlier decrees by awarding the defendant exclusive custody of the children, and ordering the plaintiff to pay $60 per month child support for each child. The order makes no provision for visitation. The appeal is taken from this order. Since the custody provisions of the order must be reversed on other grounds, we need not resolve the inconsistency in the order.

At the outset of the hearing in this matter the defendant's counsel moved to exclude any evidence relating to events before the January 26, 1962, modification order on the grounds the order contains the implied finding that both parents were fit to have custody at that time, and for the court to consider earlier matters would permit relitigation of settled issues. Plaintiff's counsel offered to prove, among other things, a course of conduct pursued by the defendant before this date which would tend to demonstrate she was a person of poor moral character; he offered to stipulate such evidence should be considered only on the issue of her present fitness to have custody. The court granted the motion excluding all evidence of events before the final decree was entered in January 1962. The court reasoned that "there is no point in relitigating acts prior to that time since there was a declaration [both parents] were fit at that time." We have searched the entire trial court file in this matter for such a declaration and there is none. ■ Nor is a finding of fitness to be implied from an order which awarded custody solely on the basis of a stipulation that custody could be so awarded. The policy against incessant reexamination in custody matters of issues previously determined is not applicable where the previous order was entered upon a stipulation. (*Loudermilk* v. *Loudermilk,* 208 Cal.App.2d 705, 707 [25 Cal.Rptr. 434].) This court said in *Loudermilk*: "Where the custody of a minor has been awarded pursuant to an agreement between the parties, the placement has been made without court determination as to what would be for the best interests of the child; the primary question which a court must answer in such a proceeding has not been litigated; . . ." (It. at pp. 707-708.)

■ Defendant's moral character had a substantial bearing on whether it would be in the best interests of the children

to award exclusive custody to her. (*Grubaugh* v. *Grubaugh,* 200 Cal.App.2d 151, 154-155 [19 Cal.Rptr. 141]; *Prouty* v. *Prouty,* 16 Cal.2d 190, 194 [105 P.2d 295].)　■　A court has a duty to make the fullest possible inquiry to foster the best interests of the children in custody matters. (*Immerman* v. *Immerman,* 176 Cal.App.2d 122, 126-127 [1 Cal.Rptr. 298].) A court cannot be foreclosed from making such inquiry by a stipulation of the parties. (*Loudermilk* v. *Loudermilk, supra,* 208 Cal.App.2d 705, 707.)　Here, the court abused its discretion in excluding evidence bearing on the fitness of the defendant to have custody of the children, requiring reversal of the custody provisions of the order. (*Immerman* v. *Immerman, supra,* 176 Cal.App.2d 122, 126-127.)

It has been noted the order makes no provision concerning visitation.　■　In the absence of a provision expressly denying the right of visitation in a custody order a parent deprived of custody is entitled to reasonable visitation as a matter of natural right.　The trial court should have included in its decree express provisions governing the exercise of this right. (*Exley* v. *Exley,* 101 Cal.App.2d 831, 839 [226 P.2d 662].)

■　One other portion of the custody aspect of this case requires our consideration. The court's findings, which were prepared on the stationery of defendant's counsel, state the present wife of the plaintiff is unfit to care for the children. There is nothing in the motion or opposition to it which places her fitness in issue. She was not a party to these proceedings. She was not represented by counsel. She was not permitted to be present at the hearing, except when testifying. She was not given notice in any manner whatsoever that her fitness to care for the children was in issue, nor was it in issue. (*Read* v. *Read,* 103 Cal.App.2d 721, 723-724 [230 P.2d 46].) She has no standing to challenge the findings on appeal. (*Read* v. *Read, supra,* 103 Cal.App.2d 721, 723.) To make such a finding under these circumstances with respect to a person who is a school teacher and consequently one whose employment is dependent, at least in part, on her fitness to care for children generally, was unfair and unnecessary. All reference in the findings to the plaintiff's present wife should be stricken on the ground they are not responsive to the issues in the case. (*Hughes* v. *Hughes,* 74 Cal.App.2d 327, 331 [168 P.2d 429].)

■　The plaintiff contends there was no substantial evidence to support the necessary finding he had the ability to pay the

child support awarded in the order. At the hearing evidence was adduced to the effect he had, among other substantial assets, a $50,000 equity in a home and $56,000 in accounts receivable. He testified all these assets were either irrevocably transferred in trust to pay his creditors, with the remaining trust assets to be applied toward support of his children as his present wife, in her sole discretion, might direct, or were assigned to his present wife in cancellation of his indebtedness to her. The trust instrument and assignment were not produced. The plaintiff offered to produce them, but no continuance for this purpose was sought. He testified he had no assets other than his personal belongings. He later testified he could post additional bail in a pending criminal matter if necessary. Generally his testimony was evasive. Although his testimony that he could post additional bail is not necessarily contradictory with his claim of no assets, since it could mean he had the ability to borrow or obtain by gift sufficient funds to post bail, the trial court was not required to draw this inference (*Primm* v. *Primm,* 46 Cal.2d 690, 694 [299 P.2d 231]), nor was the trial court required to believe all of the plaintiff's testimony concerning the disposition of his assets (Code of Civ. Proc., § 1847). This testimony merely created a conflict in the evidence which the trial court resolved against the plaintiff. The determination of the trial court being supported by substantial evidence will not be disturbed on appeal. (*Primm* v. *Primm, supra,* 46 Cal.2d 690, 693.)

The order is reversed as to custody provisions; it is modified by this court, on its own motion, by striking all reference in the findings to the plaintiff's present wife; and affirmed as to child support.

Each party is to bear his own costs.

Coughlin, J., and McCabe, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.