[Sac. No. 4554. In Bank.—February 5, 1932.]

JANE T. WILDER, Appellant, v. EDWIN M. WILDER, Respondent.

Lemuel D. Sanderson and Joseph L. Knowles for Appellant.

Henry & Bedeau for Respondent.

SEAWELL, J.—The appellant herein was granted an interlocutory decree of divorce from the respondent on the ground of desertion. The decree recited that the property rights of the parties had been adjusted, and that the appellant was entitled to an allowance for support and maintenance, which the trial court fixed at $160 a month, payable monthly. A similar amount had been agreed upon in the property settlement agreement between the parties, subject, however, to modification "by mutual consent of the parties, or by a court of competent jurisdiction".

Thereafter the respondent husband noticed a motion supported by affidavit to modify said interlocutory decree by reducing the allowance for appellant's support and maintenance from $160 to $80 a month on the ground that respondent was no longer financially able to continue the ordered payments and that appellant had ample means and income of her own to support and maintain herself. The appellant countered with a motion supported by affidavit asking for an allowance of $150, or other reasonable sum, for counsel fees and court costs to defend against the respondent's motion, upon the ground of alleged necessity. The motions were heard together and evidence, both oral and documentary, was introduced by the respective parties. Appellant's motion for an allowance for counsel fees and court costs was disallowed, and an order was made modify-

ing the interlocutory decree by reducing the amount to be paid by respondent for the support and maintenance of appellant from $160 to $100 a month. Separate appeals from said orders were taken and are presented by a bill of exceptions.

The appeals present questions addressed to the exercise of a proper discretion by the trial court. Appellant contends that there is an insufficiency of evidence to support certain alleged implied findings which, so it is asserted, are necessary to support the orders appealed from. The real question, however, remains as to whether or not the trial court, upon a consideration of all the evidence before it, has abused the discretion with which it is clothed. ■ An abuse of discretion is never presumed and it must be affirmatively established. (*Kaiser* v. *Hancock*, 25 Cal. App. 323, 328 [143 Pac. 614] ; *Lynch* v. *Lynch*, 69 Cal. App. 66, 71 [230 Pac. 462].)

■ Taking up the appeal from the order refusing an allowance for counsel fees and court costs in defending the motion for a reduction of the allowance for appellant's support and maintenance, the main consideration is as to whether or not there was a necessity as alleged. The record discloses that the appellant was possessed of cash and liquid resources of the aggregate value of $7,700 with a monthly income of at least $55 therefrom, and that her liabilities were nominal. Under these circumstances it cannot be said that the lower court abused its discretion in refusing the allowance, inasmuch as the circumstances of both parties as to age and financial resources were before the court, and the whole matter rested in the sound discretion of the trial court. (*Stewart* v. *Stewart*, 156 Cal. 651, 655 [105 Pac. 955] ; 1 Cal. Jur. 992.) A reviewing court is not authorized to revise the lower court's judgment even if it should be of the view that it would have dealt more liberally with the appellant had the matter been submitted to its judgment in the first instance. A clear abuse of discretion only will justify its interference with the judgment of the trial court.

■ Nor can it be said that the appellant has shown any abuse of discretion upon the part of the court below in so far as the order modifying the interlocutory decree is concerned. It is appellant's position apparently that the trial court was bound fast by the particular provisions of

786

paragraph 8 of the property settlement agreement by which it was agreed between the parties that respondent should pay appellant $160 a month. This contention is based on the erroneous assumption that the cited paragraph of the contract between the parties is forever binding and obligatory upon them. This contention is clearly without merit, for the contract itself expressly provides, as indicated above, that a court of competent jurisdiction may modify the amount of the allowance therein fixed. This the court has done in the exercise of a sound discretion, for it appears from the evidence that appellant was at least as well able to maintain herself as was respondent to maintain himself. He is hopelessly insolvent and dependent upon receipts from his medical practice, which the evidence shows have been steadily decreasing in amount. We are not of the view that the trial court was in error in admitting evidence offered to vary the terms of section 8 of said written agreement.

As no affirmative showing is here made of an abuse of discretion, the action of the trial court must be upheld. No other questions require consideration. The order fixing alimony is not final for all time, but may be changed in the discretion of the court.

The orders appealed from are affirmed.

Shenk, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.