[Civ. No. 13907. First Dist., Div. Two. Dec. 27, 1949.]

E. DOROTHY McBRIDE, Appellant, v. REXFORD W. McBRIDE, Respondent.

Norman S. Menifee for Appellant.

Frank V. Kington for Respondent.

GOODELL, J.—This is an appeal from an order denying a motion for counsel fees and costs on appeal.

By an interlocutory decree on December 26, 1944, respondent was ordered to pay appellant $500 a month for the support and maintenance of herself and their three children. On December 16, 1946, the decree was modified by a reduction to $250, and on March 2, 1948, it was reduced to $50 a month. Apparently a notice of appeal from the last order was filed, although it does not definitely appear from the record. Appellant then moved for counsel fees and costs wherewith to prosecute such appeal and on denial this appeal was taken.

Appellant concedes "the rule that the granting of costs and counsel fees in actions of this character is generally a matter of discretion with the trial court." That rule is well settled. (*Sweeley* v. *Sweeley,* 28 Cal.2d 389, 393 [170 P.2d 469]; *Kellett* v. *Kellett,* 2 Cal.2d 45, 48 [39 P.2d 203]). She claims, however, that in this case the court acted arbitrarily.

In her affidavit appellant states that she "has no income whatsoever and has not sufficient money or means to pay the costs of an appeal and the fees of her counsel for prosecuting" it. In his affidavit respondent does not specifically deny this. but he does state "that since June, 1943, plaintiff has received from defendant moneys and properties reasonably valued as follows: cash on sale of Burlingame home $8431.23; other cash $23,270.00; cash for attorney's fees $610.00; furniture $5,000.00; Russian River home $1,000.00; automobile $1500.00." This totals $39,811.23. He then alleges that he is without the means to meet such an order and states the amount of his outstanding indebtedness, which he is unable to pay.

The allegations just quoted are not denied by appellant.

We are mindful of the cases holding that an order should be made when a wife's testimony that she is wholly without income stands uncontradicted (e. g., *Norris* v. *Norris,* 50 Cal. App.2d 726, 735 [123 P.2d 847]; *Coleman* v. *Coleman,* 23 Cal.App. 423, 426 [138 P. 362]) but such cases presuppose a showing that the husband can pay.

As this case had been before the court on several occasions in the four years following 1944, it would seem that what was said in *Kellett* v. *Kellett,* 2 Cal.2d 45, 49, *supra,* is apposite: "In passing upon the trial court's denial of plaintiff's motion for costs on appeal and for maintenance pending appeal, it is proper to take into consideration not only the particular action that was then before the court but other

proceedings before said court relative to the marital and property rights of the parties hereto . . . The trial court in passing upon plaintiff's motion for costs and alimony on appeal undoubtedly took into consideration the history of the litigation between the plaintiff and defendant . . . In these circumstances it was within its discretion to deny the application of plaintiff for funds to prosecute the appeal. The matter was so wholly in the discretion of the trial court that in order to set aside its order refusing the application a very strong case must be made out in favor of the plaintiff. We do not find the showing made by plaintiff sufficiently strong to warrant us setting aside the order of the trial court, and for that reason it should be affirmed.''

Likewise it is difficult to find in the present record sufficiently strong grounds on which to say that the court abused its discretion. On the motion each party filed an affidavit. Respondent also appeared and amplified his affidavit, thereby submitting himself to cross-examination as to his financial condition. Appellant was not examined, and apparently did not appear, at the hearing of her motion.

''A clear abuse of discretion only will justify . . . interference with the judgment of the trial court'' (*Wilder* v. *Wilder*, 214 Cal. 783, 785 [7 P.2d 1032] ; see, also, *Kenney* v. *Kenney*, 220 Cal. 134, 138 [30 P.2d 398] ).

The order is affirmed.

Nourse, P. J., and Dooling, J., concurred.