[Civ. No. 4608.   Fourth Dist.   Mar. 30, 1953.]

ELLEN HARDY, Appellant, v. HARRY T. HARDY, Respondent.

V. P. DiGiorgio for Appellant.

Frederick E. Hoar for Respondent.

MUSSELL, J.—Plaintiff appeals from portions of an interlocutory decree in a divorce action and the provisions thereof from which the appeal is taken relate to the amounts awarded for the support and maintenance of the minor child of the parties, the amounts allowed as attorney's fees and the amount awarded as plaintiff's share of the community property. It is argued that the court's findings as to the community property are unsupported by the evidence and that the amounts allowed for the support of the child and for attorney's fees are unreasonable.

Plaintiff and defendant were married in Tiajuana, Mexico, on June 16, 1948, and separated the following day. At the time of the marriage, defendant had no money or property and was in debt in the sum of $1,000. After the marriage, defendant went to his parents' ranch in North Dakota, returning to California in January, 1949. In February he attended an auctioneering school in Bakersfield and his tuition, amounting to approximately $600 was paid by his sister, Edith Hardy. About April 5th defendant's sister purchased the school lease, together with some furniture, and an auction business was started which was operated by the defendant and his sister until January of 1951. In that month the partnership was dissolved at the request of defendant's sister. An auditor was employed by her to prepare a statement of accounts showing the net amount due to each of the parties on dissolution of the business. The amount due defendant, as reflected by the auditor's report, was $2,292.90 and this sum was placed in a bank subject to the order of the court. While there is testimony in the record indicating that the net profits of this business during the year 1950 was approximately $24,000, there is no evidence that the defendant at the time of trial or after the dissolution had money or property exceeding the amount shown in the auditor's report. After the dissolution of the partnership and until the trial of the instant action, defendant was employed by his sister as an auctioneer at a monthly salary of $300, less $50 living expenses. The trial court found that the sum of $2,379.12 constituted the community property of plaintiff and defendant and awarded plaintiff the sum of $1,300. The evidence is sufficient to support the trial court's findings and award.

The trial court ordered defendant to pay plaintiff the sum of $75 per month for the support and maintenance of the

minor child of the parties, and in addition, ordered defendant to pay any and all future obligations that plaintiff may necessarily incur for medical and hospital treatment rendered to said minor for any illness of the minor requiring hospitalization and one-half of any and all future lesser obligations, if any, incurred by plaintiff on account of office calls for medical treatment or consultation in respect to said minor child. Defendant was further ordered to pay physician's charges previously incurred in the sum of $223.

Plaintiff contends that the allowance made for the child was unreasonable. This contention is without merit. The record shows that the minor was 3 years old at the time of trial; that she had had a mild attack of infantile paralysis from which she had not entirely recovered and that she required a special diet and medical care. However, the defendant, at the time of trial, was under obligation to pay the sum of $50 per month for the support of a child by a former marriage and the court was entitled to consider this fact as well as the circumstances of the parties in determining the amount to be allowed for the support of the child. This was a question of fact for the trial court's determination. (*Dickens v. Dickens,* 82 Cal.App.2d 717, 722 [187 P.2d 91].)

It is next argued that the award of $200 as attorney's fees for appellant's attorney is wholly inadequate and unreasonable. The clerk's transcript shows that plaintiff was granted an allowance of $140 for attorney's fees at a hearing on an order to show cause and that she was awarded the additional sum of $200 in the judgment. The question of the reasonableness of the amount to be allowed to plaintiff's attorney is likewise a question of fact for the trial court and in the absence of a clear abuse of discretion, its determination will not be disturbed on appeal. (*Smith* v. *Smith,* 85 Cal.App.2d 428, 434 [193 P.2d 56].) Under the circumstances shown, we cannot hold as a matter of law that the allowance made for attorney's fees was unreasonable.

Finally, it is suggested that the trial court's failure to allow attorney's fees and costs on appeal constitutes an abuse of discretion. We cannot agree with this contention. The clerk's transcript shows in this connection that plaintiff filed an affidavit in which she stated that she was without funds to employ counsel and had been advised and believed that she had a meritorious appeal from the decree. An opposing affidavit was filed by the defendant in which he stated

that the appeal was not taken in good faith and was taken for the purpose of harassing and annoying the affiant; that the proposed appeal was without merit; and that the appellant had often stated that she would "break" affiant financially. The trial court apparently concluded under the circumstances shown by the record that the appeal was not taken in good faith. As this court said in *Perry* v. *Perry*, 93 Cal.App. 2d 720, 728 [209 P.2d 847]:

"The general rule is that the granting of attorney's fees on appeal is clearly in the sound discretion of the trial court and there is no absolute right in the defeated wife to prosecute an appeal at the expense of the husband where the trial court is satisfied, from the record before it, that the proposed appeal is not undertaken in good faith, or with reasonable belief that it has merit. The trial court was justified in denying the application. (*Gay* v. *Gay*, 146 Cal. 237 [79 P. 885]; *Kellett* v. *Kellett*, 2 Cal.2d 45 [39 P.2d 203].)"

No abuse of discretion appears in the court's failure to make an allowance for plaintiff's attorney's fees and costs on appeal herein.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.