[Civ. Nos. 5522, 5563. Fourth Dist. Oct. 16, 1957.]

PAUL P. OJENA, Respondent, v. FAUNIEL OJENA, Appellant.

(Consolidated Appeals.)

Brock, Easton, Fleishman & Rykoff and Brock, Fleishman & Rykoff for Appellant.

John L. Roberts for Respondent.

GRIFFIN, J.—After about two years of marital relationship, plaintiff and defendant both agreed that a divorce should be obtained. They also agreed to go to an attorney friend of defendant's family, who drew a property settlement agreement for them dated September 6, 1954, which both parties signed.

A complaint for divorce for cruelty was filed by plaintiff against his wife. The hearing on the default divorce proceeding was had before Judge Gabbert. Defendant remained outside the courthouse in her car pending the hearing. At that time plaintiff and his corroborating witness testified and plaintiff's counsel moved the court that the property agreement alleged in the complaint to have been executed between the parties be approved. By an amended order of September 27, 1954, it was approved. The record does not affirmatively show that the instrument itself was exhibited to the court. The interlocutory decree was granted but contains no reference to the property settlement agreement, its terms or the approval of it. Apparently the properties provided for therein were delivered by the parties to each other and bills of sale were executed. In conjunction with the separation and property settlement agreement plaintiff, after some dispute as to a prior note, subsequently agreed to execute his note for $1,500, payable to defendant at $100 per month as a division of their community property interests in a drugstore operated by plaintiff. He made all payments when due to defendant, who accepted the modified agreement. After the payment of $1,100 on the note defendant refused to accept the next payment of $100 due in October, 1955, and then filed in Los Angeles County an action for divorce against this plaintiff, claiming therein that there had been a reconciliation, and asked that the property settlement agreement be canceled. She also filed a notice in this action of such claimed reconciliation and asked

that no final decree be entered except upon a hearing duly noticed. It was so ordered. On October 13, 1955, plaintiff gave such notice and filed affidavits in support of it, claiming there had been no reconciliation and that he had complied with all orders of the court. At that time counsel for defendant moved for an allowance of attorney's fees and costs in defending the motion. After full hearing on both motions the court granted plaintiff's motion to enter the final decree and denied defendant's motion for attorney's fees and costs. Defendant appealed from the final judgment and from the order mentioned. Thereafter, on March 22d, defendant moved for an order granting defendant costs and attorney's fees on appeal, which was likewise denied and defendant appealed from this order. These separate appeals were consolidated.

■ Defendant first claims that the evidence conclusively shows a reconciliation of the parties. Defendant's own testimony in this respect justified the finding of the court that no reconciliation was in good faith established. Her statement is to the effect that several months after the interlocutory decree was entered she was employed part time in her husband's drugstore but lived in an apartment with her girl friend; that on one Saturday night plaintiff asked her to drive with him and she did so; that after some drinks she went to his home and had sexual intercourse with him and remained there overnight; that she cooked his breakfast on Sunday and remained that night and again engaged in such an act; that the next morning plaintiff took her to her own apartment and they had a fight about something and when he asked her to return to him as he had done before, she told him to "go to Hell." Plaintiff admits these particular acts and claims there was one other such act in an auto court. (She said she did not remember this occasion.) She said she never would agree to return and live with him in good faith as his wife although he solicited her to do so. Without further recitation of the evidence it fully establishes the finding that there never was a reconciliation made in good faith or that they fully resumed relations as man and wife with the intent that they be permanent. (*Peterson* v. *Peterson,* 135 Cal.App.2d 812 [288 P.2d 171]; *Walsh* v. *Walsh,* 108 Cal.App.2d 575 [239 P.2d 472].)

Defendant complains because the trial court also found that the property settlement agreement referred to in plaintiff's complaint, and as modified, was entered into freely and voluntarily and should be approved. The force and effect and

authority for this finding in this proceeding may be questioned since the agreement was not made a part of the interlocutory decree. So far as the record is concerned the validity of this agreement is yet to be determined in the Los Angeles action in a collateral attack. This finding was not necessary to the decision as to whether or not a reconciliation was effected. It is therefore unnecessary to decide this question here.

The agreement was admissible as evidence to show what property actually passed and what was accepted by the defendant. The court did consider it in determining defendant's ability to pay her own attorney's fees and costs in connection with the two motions. The evidence shows that she did receive $450 in cash plus a $1,500 payment on the note covering her one-half community interest in the store. Four hundred dollars of this amount was paid into court by plaintiff and turned over to defendant at the time of the hearing. An automobile, a mink stole, and other personal property were given to her under the agreement. While she was employed she made in excess of $175 per month. The court said it questioned the good faith of the Los Angeles action and found that defendant was employed, had personal property of value, and that she failed in showing justification for payment of her attorney's fees and costs by this plaintiff.

It is defendant's position in this respect that since she showed she was without funds to employ counsel and plaintiff did have sufficient funds, she was entitled to such an award to resist the motion of plaintiff and to perfect her appeal from the judgment since it was made in good faith, and that it was an abuse of discretion to disallow it, citing section 137.3 of the Civil Code; *Spreckels* v. *Spreckels,* 111 Cal.App.2d 529 [244 P.2d 917] ; *Vishner* v. *Vishner,* 125 Cal.App.2d 667 [271 P.2d 68] ; and *Dexter* v. *Dexter,* 42 Cal.2d 36, 44 [265 P.2d 873].

It has been repeatedly held that a motion for allowance of costs and counsel fees in a divorce action is addressed to the sound discretion of the court, and in the absence of a complete showing of abuse, its discretion will not be disturbed on appeal. (16 Cal.Jur.2d 488, § 196.) The right to attorney's fees for taking an appeal is not absolute. If, upon a proper showing, the trial court should find that an unnecessary appeal has been taken, in bad faith, or for the sole purpose of litigating an unsubstantial issue for the purpose of increasing the amount of fees, then no allowance should be

made. (*Kyne* v. *Kyne,* 74 Cal.App.2d 563, 570 [169 P.2d 272].) No abuse of discretion here appears.

Judgment and orders affirmed.

Barnard, P. J., and Stone, J. pro tem.,* concurred.

Petitions for a rehearing were denied November 14, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 11, 1957. Traynor, J., and Spence, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.