[Civ. No. 24103.   Second Dist., Div. Three.   May 23, 1960.]

PATRICIA R. PHILLIPS, Respondent, v. CHARLES W. PHILLIPS, Appellant.

Prentiss Moore and George E. Lindelof, Jr., for Appellant.

Hahn, Ross & Saunders for Respondent.

BISHOP, J. pro tem.†—The defendant has appealed from the order taking the custody of his minor son from him and giving it to the mother, the plaintiff. As is usual in this type of case, questions of grave import have to be considered, the answers to which can not be found in any law book. We have found no abuse of that broad discretion that is vested in the trial court, nor any procedural error, and so are affirming the order.

†Assigned by Chairman of Judicial Council.

An interlocutory divorce decree was entered in this action, February 1, 1956. By its terms the decree placed Charles, the older of the two children of the parties, in the custody of the father, awarding the younger son, Robert, to the care of the mother. This arrangement was in accordance with the property settlement of the parties, and was continued in effect by the final decree. In the property settlement, dated December 20, 1955, the age of Charles was given as 4, that of Robert as two years younger.

In an affidavit, made March 6, 1959, the plaintiff alleged that at the time the custody orders were made, she did not have adequate facilities to take care of both children; that conditions have changed; she is remarried and has a suitable three bedroom home for them; is not working, so can devote full time to their care. Basing her request upon this affidavit, the plaintiff asked that the defendant be ordered to show cause why the custody of Charles should not be awarded to her.

At the hearing of the order to show cause, plaintiff testified to the matters contained in her affidavit, and in addition gave the date of her second marriage as February 23, 1957; said that she was expecting another child in May, 1959; and that the two boys, Charles and Robert, who were together most week ends, enjoyed the company of each other. A good deal more testimony was received, some of which made the task of the trial court, faced with the problem of determining whether to change the custody order as it affected Charles, more difficult rather than easier. At the conclusion of the hearing the matter was taken under submission, and then the order appealed from was made. By its terms, the order was not to affect the custody of Charles until September 1, 1959, and the parties were ordered to return to the court June 15, 1960.

*Goto* v. *Goto* (1959), 52 Cal.2d 118 [338 P.2d 450], cited by the defendant, states principles that answer all of defendant's contentions, save one. It holds that an order awarding the custody of a child ordinarily should not be changed unless there has been a change in the circumstances since the order; that the welfare of the child is the paramount question involved; that the answer to this question is entrusted, in the first instance, to the trial court, which has a broad discretion in the matter; and that its determination is not to be disturbed except upon a showing of an abuse of that discretion. As already indicated, we are of the opinion that "what is best for Charles?" was not an easy question to

answer; but that the answer given was not an abuse of the trial court's discretion. No doubt the trial judge was persuaded that it would be better for Charles to be brought up in a home with other children, and his own mother, rather than as an only child under the care of his grandmother, satisfactory though her supervision had been; and that this arrangement, once not possible, had become possible.

The defendant endeavored, during the hearing, to prove that the present husband of the plaintiff, Mr. Wilson, who would be cast in the role of stepfather, if the custody order sought should be made, was of a disposition that would adversely affect the welfare of Charles. Many questions put to Mr. Wilson were answered, but a barrier was erected to others, with the result that the defendant made an offer of proof. The refusal of the trial court to accept the offer is the one contention, on this appeal, that *Goto* v. *Goto, supra,* does not answer.

The defendant offered to prove that Mr. Wilson had been married three or four times; that by one of his early marriages he had a minor child, which he abandoned; that he had severely beaten his wife and her minor child during the course of the marriage that preceded his union with the plaintiff; that he threatened that minor child with a knife; that he put sugar in the gas tank of the car of his former wife (or of her child); that in a rage he splashed paint on the wall of their abode. The trial court sustained plaintiff's objection to this offer, not because Charles' happiness would not hang, in a measure, on the conduct of the man with whom his mother was living and with whom he would be thrown, but because of the remoteness in time of the incidents from which his conduct was to be inferred. Events since the plaintiff became Mrs. Wilson were held to be timely, but the incidents that occurred before that event were held to be too remote to be admitted.

Remoteness is not a standard of measurement, and what is too remote under one set of circumstances may not be under another. Reminding ourselves that the focus of the trial court's interest was the problem "would a change of custody be for the welfare of Charles?" and its only interest in Wilson's past conduct was the light that it might throw on that question, we find it well within reason for the trial court to have concluded that inasmuch as Wilson's conduct, ever since he had married the plaintiff and had lived with her and Robert, was an open book, his future conduct could be meas-

ured by those two years with much greater certainty than it could be by his actions during his previous marriages. This being so, the incidents during the former period were not of sufficient worth to justify the thrashing of old straw that would be necessary. If, then, as was held in *Guardianship of Jones* (1948), 86 Cal.App.2d 35, 38 [194 P.2d 141, 142], under circumstances quite like those before us, ". . . the trial court was clothed with a considerable amount of discretion and 'the admissibility of evidence in the face of objection upon the ground of its remoteness ordinarily should be left to the sound discretion of the trial court.' [citing cases]" the ruling of our trial court on the offer of evidence was not error, for it was not an abuse of its discretion. (See also *Guardianship of Smith* (1957), 147 Cal.App.2d 686, 693 [306 P.2d 86, 91-92].)

The order appealed from is affirmed.

Shinn, P. J., and Ford, J., concurred.