[Civ. No. 24788. Second Dist., Div. Two. Nov. 21, 1960.]

MARGARET THORNBERG VAN COTT, Respondent, v. WESLEY BAILEY VAN COTT, Appellant.

John E. Glover and David H. Cannon for Appellant.

Redwine & Redwine and Gwyn S. Redwine for Respondent.

FOX, P. J.—This is an appeal by defendant from an order denying his motion to reduce his alimony payments.

In January of this year, defendant gave notice of motion to modify an order made April 11, 1956, which required defendant to pay his former wife $400 a month for her support. The basis of defendant's motion was that the circumstances of the parties had changed materially since the previous order. The motion was supported by his affidavit. It appears that defendant is a medical doctor who has practiced his profession in Los Angeles for approximately 29 years. He has remarried since the divorce from plaintiff became final. At the time of the previous hearing in April 1956, he and his wife were expecting the birth of a child, which was born on September 14th. Another child was born in February 1958. At the time of the hearing of the instant matter in January of this year defendant and his wife were expecting the birth of a third child in May. The order of April 1956 also provided that defendant pay to plaintiff $125 a month for the support of their minor daughter, Nancy. She became self-supporting in May 1959. By stipulation, the order for her support was then terminated. Defendant asserts that by reason of the increase in his family, his living expenses have substantially increased. At the hearing in April 1956, it appeared from defendant's income-tax return that his gross income for the previous year was $30,344.20, his business deductions were $15,473 leaving net earnings of $14,871.20. Defendant's income-tax return for 1958 showed gross receipts of $37,016.94 and his deductions for business expense $15,709.28, leaving a net of $21,307.66. The doctor presented figures at the hear-

ing in January of this year showing gross income from his profession for 1959 of $33,692.72 and expenses (exclusive of depreciation) of $16,273.76.* This left a net professional income for the year of $17,418.96, giving full credence to defendant's figures.

Plaintiff is 51 years of age. She devotes part of her time to giving private music lessons, for which she received $654.50 in 1959. Her testimony indicated that this was less than she received for such services in 1955. She had received, also, approximately $200 a year from dividends. Nancy paid her $50 a month when she was working, but she had been without employment for some time and had secured a new position only a few days before the current hearing. Plaintiff submitted an itemized statement of her living expenses, showing that she required approximately $550 a month.

It would serve no useful purpose to go into the manner in which these parties spent their disposable income.

The sole question on this appeal is: Did the trial court abuse its discretion in refusing to reduce the previous alimony award? We have concluded that this question must be answered in the negative.

Initially, it should be observed that "An abuse of discretion is never presumed and it must be affirmatively established." (*Wilder* v. *Wilder,* 214 Cal. 783, 785 [7 P.2d 1032].) Also, the law is settled that "a modification of an award pursuant to section 139 of the Civil Code . . . rests within the discretion of the court, and its order may not be set aside without a clear showing of an abuse of discretion." (*Leupe* v. *Leupe,* 21 Cal.2d 145, 151 [130 P.2d 697].) The record discloses substantial changes in the defendant's family between the order of April 1956 and that of January 1960, which is here under review, in that his family has increased and, as a consequence, his living expenses have naturally increased. His net professional income has likewise increased substantially since the order of April 1956. It increased by some $6,500 in 1958 and by approximately $2,500 in 1959 over what it had been the year prior to the previous order. In addition, defendant had been relieved of an expense of $1,500 a year for the support of his daughter Nancy.

Plaintiff's financial position does not appear to have improved. She was making less from her music teaching at the time of the current hearing than she was at the time of the

---

*Apparently defendant's income-tax return for 1959 had not been prepared at the time of this hearing in January 1960.

hearing in April 1956; and she was actually receiving less for the daughter's maintenance than she was at the time the previous order was made.

From the foregoing summary of the income and needs of the respective parties it cannot be said that the trial court abused its discretion in denying defendant's motion to reduce his alimony payments.

The order is affirmed.

Ashburn, J., and Kincaid, J. pro tem.,* concurred.

A petition for a rehearing was denied December 15, 1960, and appellant's petition for a hearing by the Supreme Court was denied January 18, 1961.

*Assigned by Chairman of Judicial Council.