[Civ. No. 6318. Fourth Dist. Nov. 30, 1960.]

DONALD L. CHAPMAN, Respondent, v. KATHLEEN A. TARENTOLA, Appellant.

Russell W. Bledsoe for Appellant.

Jesse M. Allen and Richard G. Wilson for Respondent.

COUGHLIN, J.—This matter involves two appeals, taken from orders made in connection with applications for attorney's fees in an action by the parents involving the custody of their minor children. In the early part of 1950, while the plaintiff-respondent and defendant-appellant were married and living together in Long Beach, California, with the children in question, the defendant, who is the mother of these children, left them and the plaintiff, who is their father, and went to Texas where she obtained a divorce and married her present husband. The divorce decree made no provision respecting custody of the children. They remained with their father in California. The mother resided in Texas until January 1958, when she and her husband came to Orange County, California. In the meantime, the father and the children also had moved to Orange County. Up to this time the mother had not seen the children since she left for Texas and obtained her divorce. Upon returning to California, although she was only 5 miles distant from the place where the children lived, she did not attempt to see them until May 1959 when she approached them at their school. This meeting upset the children and made them emotionally distraught. Thereupon, the father filed the instant action to obtain exclusive custody. The mother answered and filed a cross-complaint. In response to orders to show cause, the question of temporary custody and the mother's application for attorney's fees and court costs came on for hearing. The testimony at this hearing developed some of the facts heretofore noted, and also disclosed that the mother was intending to return to Texas. At its conclusion the court awarded temporary custody to the father and gave the mother the right to visit the children for one hour a week at the father's home. With respect to the mother's application for attorney's fees and costs, the court made the following order, which is recorded in its minutes: "Court reserves jurisdiction as to attorney fees." This order was entered June 3, 1959. Thereafter the mother moved the court to order the defendant to pay her attorney's fees and costs; filed an affidavit of disqualification against the judge who had heard the order to show cause proceedings; and obtained a hearing on this motion before another judge. A minute order entered on July 27, 1959, indicates the following disposition of the matter: "Motion for order that plaintiff pay attorney fees and costs . . . Motion denied."

The mother appeals both from the order entered on June 3, 1959, reserving jurisdiction as to attorney's fees, and from

the order entered on July 27, denying her motion for such fees.

 Although an order respecting the payment of attorney's fees and costs pendente lite is appealable as a final judgment in a collateral matter (*Sharon* v. *Sharon*, 67 Cal. 185, 195 [7 P. 456, 635, 8 P. 709]), the order of June 3rd reserving jurisdiction is not appealable; it is not a final adjudication of the issue presented by the order to show cause; rather, it is in the nature of an interlocutory order directing that further proceedings be undertaken before making any determination with respect to the request for fees. (*Berry* v. *Berry*, 140 Cal.App.2d 50, 61 [294 P.2d 757]; *Olmstead* v. *West*, 177 Cal.App.2d 652, 653 [2 Cal.Rptr. 443].) It is the duty of an Appellate Court on its own motion to dismiss an appeal from an order which is not appealable. (*Collins* v. *Corse*, 8 Cal.2d 123 [64 P.2d 137].) The order in question should be dismissed.

However, subsequently, the court did undertake further proceedings, although instituted by the motion for attorney's fees and costs, and did make a final determination by denying such motion. The mother, who is the defendant and appellant herein, contends that this order constituted an abuse of discretion and should be reversed.

Appellant made her application for attorney's fees and costs pursuant to the authority conferred by section 137.3 of the Civil Code as amended in 1957, which provides that, in an action such as the one at bar, "the court *may* order the . . . father or mother, . . . to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees . . ." (Emphasis added.)

 An award of attorney's fees and costs in such an action is not a matter of right but rests in the sound discretion of the court (*Stewart* v. *Stewart*, 156 Cal. 651, 655 [105 P. 955]; *Mears* v. *Mears*, 180 Cal.App.2d 484, 509 [4 Cal.Rptr. 618]), "and in the absence of a clear showing of abuse, its determination will not be disturbed on appeal." (*Primm* v. *Primm*, 46 Cal.2d 690, 696 [299 P.2d 231]; *Warner* v. *Warner*, 34 Cal.2d 838, 839 [215 P.2d 20]; *Wilder* v. *Wilder*, 214 Cal. 783, 785 [7 P.2d 1032]; *Brown* v. *Brown*, 162 Cal.App.2d 314, 319 [328 P.2d 4]; *Ojena* v. *Ojena*, 154 Cal.App.2d 440, 443 [316 P.2d 414]; *Ganann* v. *Ganann*, 109 Cal.App.2d 346, 351 [240 P.2d 722]; *Kalmus* v. *Kalmus*, 103 Cal.App.2d 405, 422 [230 P.2d 57].) Requisite to the granting of such relief in the instant case is a finding that the award is necessary,

which involves the twofold determination whether the applicant is in need of funds to pay counsel to represent her (*Sharon* v. *Sharon,* 75 Cal. 1, 42 [16 P. 345] ; *Mudd* v. *Mudd,* 98 Cal. 320, 322 [33 P. 114] ; *Loeb* v. *Loeb,* 84 Cal.App.2d 141, 149 [190 P.2d 246] ), and whether her defense is being prosecuted in good faith. (*Kellett* v. *Kellett,* 2 Cal.2d 45, 49 [39 P.2d 203] ; *Stewart* v. *Stewart,* 156 Cal. 651, 655 [105 P. 955] ; *Hardy* v. *Hardy,* 117 Cal.App.2d 86, 89 [255 P.2d 85].) The burden of establishing such a necessity is upon the applicant. (*Wilder* v. *Wilder, supra,* 214 Cal. 783, 785; *Kalmus* v. *Kalmus, supra,* 103 Cal.App.2d 405, 422; *Loeb* v. *Loeb, supra,* 84 Cal.App.2d 141, 148.)

 The object of section 137.3 is to enable the appellant to properly present a bona fide defense to the action. (*Mudd* v. *Mudd, supra,* 98 Cal. 320, 322.)

"The question is not whether, as between the parties, counsel ought to be paid, but whether the wife has need of money to prosecute her action." (*Sharon* v. *Sharon, supra,* 75 Cal. 1, 42.)

 Appellant's testimony showed that she was a housewife, was not working, and had no income. However, by inference, it also showed that she had credit, available financial assistance from some source, and the probable assistance of her husband. She left respondent in 1950; went to Texas; obtained the services of an attorney; and procured a divorce. Shortly preceding the present action she obtained the services of an attorney; instituted divorce proceedings against her present husband; but effected a reconciliation. From some source she received $75 which she paid her present attorney and through some arrangement has obtained legal services from him which, up to the time of the last hearing herein, he estimated to be of the value of $250. Admittedly she has an interest in community property, but did not state the value thereof in her affidavit. She and her husband sold their home in California, in contemplation of their return to Texas where they intend to purchase a new home which, she testified, they are financially able to do. Appellant's husband testified that he was the owner of a "leased station" which he intended to sell; to return to Texas; to form a partnership with appellant's father; and to purchase a garage. Although a husband legally has the management and control of community property (Civ. Code, §§ 172, 172a), as a practical matter, such fact does not foreclose a consideration of his wife's influence in such management and control, with the resultant prob-

ability that she may use the same in payment of personal expenses. Demonstrative of such a situation in the present case is the testimony of appellant's husband that he was prepared to support her children, if necessary, should their custody be awarded to her. Appellant used a standard form of affidavit in support of her request for the order to show cause; it appears therefrom that she had been employed in the past; but the questions relating to the nature of her employment, the dates thereof and salaries received were not answered. At present she maintains her home, caring for her husband and a minor child by her second marriage.

Likewise, where the trial court is of the belief that the proposed defense is not being undertaken in good faith or with the reasonable belief that it has merit, the application for attorney's fees and costs should be denied. (*Stewart* v. *Stewart, supra,* 156 Cal. 651, 655; *Brown* v. *Brown, supra,* 162 Cal.App.2d 314, 319]; *Ojena* v. *Ojena, supra,* 154 Cal. App.2d 440, 443; *Ganann* v. *Ganann, supra,* 109 Cal.App.2d 346, 351.)

An affidavit filed in support of appellant's motion alleged that it would be necessary to take depositions of certain people at an approximate expense of $500. No showing was made as to the nature of the testimony which would be obtained in this manner. Whether the taking of these depositions was necessary could not be determined by the trial court. The request therefor was properly rejected. (*Stewart* v. *Stewart, supra,* 156 Cal. 651, 655.) The affidavit in support of the order to show cause stated that an attorney's fee of $500 was reasonably necessary, whereas the affidavit in support of the motion increased this amount to $750. The trial court may have concluded that a sum far less than either of these amounts was adequate to fairly present appellant's position and that the obtaining of such services was well within her financial means as heretofore noted. Whether or not the appellant intended to present a bona fide defense to the action under consideration or was making an appearance only to harass her former husband and without any genuine consideration for the welfare of her children was a matter for the trial court to determine in the light of her failure to take any legal action with respect to their custody for almost nine years and her declared intention to return forthwith to Texas with her husband.

Particularly appropriate to the instant case is the statement of the court in *Wilder* v. *Wilder, supra,* 214 Cal. 783, 785, where it was said:

"A reviewing court is not authorized to revise the lower court's judgment even if it should be of the view that it would have dealt more liberally with the appellant had the matter been submitted to its judgment in the first instance. A clear abuse of discretion only will justify its interference with the judgment of the trial court." (*Cf. Kenney* v. *Kenney,* 220 Cal. 134, 138 [30 P.2d 398]; *Stewart* v. *Stewart, supra,* 156 Cal. 651, 655; *McBride* v. *McBride,* 95 Cal.App.2d 329, 331 [213 P.2d 9].) No such showing has been made here. The record before us does not establish that the trial court abused its discretion in denying appellant's request for attorney's fees and costs.

The attempted appeal from the order of June 3, 1959, reserving jurisdiction, is dismissed. The order of July 27, 1959, denying appellant's motion, is affirmed.

Griffin, P. J., and Shepard, J., concurred.