[Civ. No. 20609. First Dist., Div. One. Mar. 13, 1963.]

LENORE STRAUB, Plaintiff and Respondent, v. THOMAS
J. STRAUB, JR., Defendant and Appellant.

Warren C. Moore for Defendant and Appellant.

Crist, Peters, Donegan & Brenner and John H. Brenner for Plaintiff and Respondent.

MOLINARI, J.—This is an appeal from an order increasing child support payments and awarding counsel fees.

### Question Presented

Did the trial court abuse its discretion in making the order appealed from?

## The Record

The instant proceedings arise out of a motion filed on September 12, 1961, seeking an increase in child support payments from $50 per month to $250, security for future child support payments and for counsel fees in the sum of $2,500.

Pursuant to a supplemental order to the interlocutory decree of divorce herein made and entered on August 31, 1950, the appellant was ordered to pay to the respondent $50 per month for the support of their son. These monthly payments were made for a period of approximately two years, the last payment being made on December 15, 1952. The respondent did not have any communication with the appellant until the winter of 1958 when she requested that he pay $600 so that their son could go to Europe on a scholarship grant. The appellant did not acquiesce to this request.

During the period between 1952 and 1958 the respondent periodically visited the offices of her attorneys, counsel in these proceedings, concerning advice with reference to her legal position with regard to the support payments due her from appellant. Testimony was adduced from the respondent at the hearing, which is the subject of this appeal, that said attorneys did research on the question whether the re-respondent to ascertain the whereabouts of the appellant, and that in addition to the investigation and consultations, the said attorneys conducted an investigation on behalf of the spondent was losing her rights with regard to the support payments. Nothing was paid during this period to said attorneys for their services. At said hearing counsel for the appellant did not cross-examine the respondent regarding the details or specifications of the work performed by her attorneys.

When the original support order was made the child of the parties was 8 years old. At the time of the hearing on the subject motion he was 19 years old and a student at Stanford University. During the course of the hearing while the respondent was under direct examination reference was made to a "list of expenses."[1] No objection was interposed by

---

[1] "Mr. Peters: [Counsel for respondent] Now, I have submitted to counsel and the Court has the original.

counsel, if Your Honor please, a list of expenses and I have shown it to

"Q. (By Mr. Peters) I will ask you simply this, Mrs. Straub, without going into it item by item: The fifty dollars heretofore ordered doesn't begin to cover the expenses—— A. No, it does not.

"Q. Then you are asking that it be raised to $250 per month and that wouldn't either? A. No.

the appellant to this list of expenses,[2] but the appellant did cross-examine the respondent with reference thereto.[3] On cross-examination, the respondent testified further that she was employed, earning $100 per week; that her son worked part time while attending school; that he received scholarships which in the year previous to the hearing amounted to a total of $1,300. The respondent also testified that the scholarships comprise several different grants, and awards; that they were subject to renewal depending upon grade requirements; that the scholarships almost covered the tuition, but that the Stanford tuition was going up. (The respondent on cross-examination testified that the tuition was now up to $1,260 per year.)

The appellant testified that he is presently employed as a fern picker in Oregon and that he earned $982 in the five months previous to the hearing. Evidence was also adduced that the appellant's father had died leaving an estate which was then in the process of probate administration of an approximate value of $1,235,000; that under the will of the decedent the appellant was entitled to a one-fifth share of the residue of the estate; and that the sum of $173,200 was the approximate value of the appellant's share after the payment of taxes, fees and administration expenses.

The court below thereupon made its order increasing the child support payments from $50 per month to $250 per month; ordered that the respondent have security for such child support in the sum of $5,000 in the form of a lien against the interest of the appellant in the estate of his father; and that attorneys' fees be allowed to counsel for the respondent in the sum of $1,850.

### The Order for Child Support

The appellant maintains that the evidence was insufficient as to the needs of the child. The appellant appar-

---

"Q. And this itemization here is the very minimum? A. It is probably."

[2]This "list" was not made an exhibit in the case nor is it part of the clerk's transcript on appeal. The respondent refers to this "list" as the "questionnaire" required by the Rules of the Superior Court and attaches a copy to her brief as exhibit "A." Our research discloses that there is no such rule of court, nor any that we can judicially notice. However, in his reply brief, the appellant concedes that exhibit "A" was introduced as evidence in the case and makes reference to it in his closing brief. In exhibit "A" it is recited that the respondent "makes the following answers and statements of facts as material evidence in this case" and therein states that "[t]he necessary monthly expenses are as follows: . . . ." Such expenses are thereafter itemized and total the sum of $406.

[3]"Q. Incidentally, this list you made for Mr. Peters is a list of your son's expenses, not what it cost you to live, is that right?"

ently relies on the oral testimony of the respondent and points out instances in the record such as the testimony of the respondent that she had not kept track of the cost of attendance at the university. He argues that the respondent did not have sufficient information at her disposal to provide the court with the means whereby it could arrive at an accurate estimate of the needs of a college student and, in particular, the child of the parties. The appellant, however, completely overlooks the evidence as to the child's needs which was presented in the form of the "questionnaire" and submitted to the court for its perusal. It showed the child's expenses to be $406 per month and itemized them into specifics such as tuition, clothing, medicals, board and lodging, books, and transportation. At no point in the hearing did the appellant attempt to disprove the amount alleged to be necessary for the support of the child. The trial court was entitled to consider and weigh the value and effect of the evidence in the questionnaire. It was likewise the province of the court to consider and determine whether there were any conflicts between the respondent's oral testimony and the evidence contained in her questionnaire. █ Under the time honored rule, all conflicts in the evidence must be resolved in favor of the respondent and all legitimate and reasonable inferences will be indulged in to uphold the findings of the court. █ It is also an elementary principle of law that the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion of the trial judge. (*Primm* v. *Primm*, 46 Cal. 2d 690, 693 [299 P.2d 231]; *Thayer* v. *Pacific Elec. Ry. Co.*, 55 Cal.2d 430 [11 Cal.Rptr. 560, 360 P.2d 56]; *Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183]; *Wade* v. *Campbell*, 200 Cal.App.2d 54 [19 Cal.Rptr. 173].)

█ In a proceeding to modify the amount allowed in an interlocutory decree of divorce for the support of a minor child of the parties, such amount is in the first instance a matter resting in the sound discretion of the trial court, and an appellate court will not interfere with the action of the trial court unless, as a matter of law, an abuse of discretion is shown. (*Primm* v. *Primm, supra,* p. 694; Civ. Code, § 139.) █ In the exercise of its discretion the trial court must consider the needs of the child and the ability of the husband to meet those needs. (*Pencovic* v. *Pencovic,* 45 Cal.2d 97, 100 [287 P.2d 501]; *Sweeley* v. *Sweeley,* 28 Cal.

2d 389, 394 [170 P.2d 469].) No abuse of discretion is disclosed by the record in this case. There is ample evidence of changed circumstances from those at the time of the original order and of the appellant's financial ability to meet his child's needs. At the time of the award the child was approximately 8 years old. At the time of the hearing the child was 19 years of age and attending a university. While there is evidence in the record that during the 11 years previous to the hearing the appellant had been a commercial fisherman, machinist, logging chainman, office manager, and publisher of a magazine (which failed), and that he was currently a fern picker, his circumstances had recently changed in that he became the residuary devisee and legatee of a part of the estate of his father, the prospective net value of his interest therein being approximately $173,-200. As to the needs of the child the questionnaire sets out the following items of monthly expense: clothes $34; doctor and dentist, $12; board and lodging, $150; laundry and cleaning, $7; books, $10; transportation, $28; tuition, $150; insurance, $5; and incidentals in the sum of $10. These items aggregate to $406. The lower court allowed only $250 of this amount.

If the $50 award was reasonable in 1950, under the circumstances then existing, then, in view of the increased cost of living since 1950, the increased wealth of the appellant, and the other changed circumstances appearing in the record, the need for an increased allowance was established. Considering the right of a child to be supported in a style consonant with the position in society of its parents (*Kyne* v. *Kyne*, 70 Cal.App.2d 80, 83 [160 P.2d 910]), we cannot agree with the appellant's contention that the child should attend a publicly supported school because in attending a private university he has fixed the mode of living to which his father must now conform. As was said in *Bailey* v. *Superior Court*, 215 Cal. 548 [11 P.2d 865]: ''The father's duty of support for his children does not end with the furnishing of mere necessities if he is able to afford more.'' (P. 555.) Under the evidence the trial court was entitled to conclude that the total monthly expenses for the support of the child amounted to $406. The court was also warranted in taking into consideration the amount of the scholarship awards being presently received. While it is not our province to substitute our deductions for those of the trial court, it is apparent that in making the award of $250 the court did take into consideration the scholarship pay-

ments. ▮▮▮ Considering the respondent's statement of needs, the change in circumstances and the appellant's ability to meet those needs, we can see no abuse of discretion on the part of the court in increasing the monthly support payment from $50 to $250. (See *Bernheimer* v. *Bernheimer,* 103 Cal.App.2d 643 [230 P.2d 17].)

## The Order for Attorneys' Fees

▮▮ A court may allow counsel fees on an application for modification of a custody award. (Civ. Code, § 137.3; *Primm* v. *Primm, supra,* 46 Cal.2d 690, 696; *Clayton* v. *Clayton,* 117 Cal.App.2d 7, 12 [254 P.2d 669].) A motion for such fees is addressed to the sound discretion of the court, and in the absence of a clear showing of abuse, its determination will not be disturbed on appeal. (*Primm* v. *Primm, supra,* p. 696; *Chapman* v. *Tarentola,* 187 Cal.App. 2d 22, 25 [9 Cal.Rptr. 228].) ▮▮▮ In making such an award the court can order fees for past services performed by counsel. (*Gideon* v. *Gideon,* 150 Cal.App.2d 349, 353 [310 P.2d 90]; Civ. Code, § 137.3.) ▮▮▮ Requisite to the granting of such relief, however, is a finding that the award is necessary. The burden of establishing such necessity is upon the applicant. (*Chapman* v. *Tarentola, supra,* pp. 25-26; *Loeb* v. *Loeb,* 84 Cal.App.2d 141, 148-149 [190 P.2d 246]; *Kalmus* v. *Kalmus,* 103 Cal.App.2d 405, 422 [230 P.2d 57].) The important question is not whether counsel ought to be paid but whether the wife has need of money to prosecute the action. (*Chapman* v. *Tarentola, supra,* p. 26.)

▮▮▮ "In determining the amount of a reasonable fee the trial court is permitted to consider various factors: The nature of the litigation, its complexity, the nature and extent of the contest, the amount involved, the financial circumstances of the parties, the skill required, the professional standing and reputation of the husband's attorneys and of the attorneys selected by the wife, are some of the relevant matters to be considered." (*Pope* v. *Pope,* 107 Cal.App.2d 537, 539 [237 P.2d 312]; *Dietrich* v. *Dietrich,* 41 Cal.2d 497, 506 [261 P.2d 269].) ▮▮▮ It is not necessary that expert evidence as to the value of such services be introduced. (*Liebenguth* v. *Priester,* 64 Cal.App.2d 343, 345 [148 P.2d 893]; *Peebler* v. *Olds,* 71 Cal.App.2d 382, 389 [162 P.2d 953].) It has also been a long established rule in this state that in the allowance of attorneys' fees, or the determination of the value of legal services rendered by an attorney, the experience of the trial judge furnishes every element neces-

sary to fix the value of services rendered by an attorney in handling a legal problem. (*Jones* v. *Jones,* 135 Cal.App.2d 52, 64 [286 P.2d 908]; *Howard* v. *Howard,* 141 Cal.App.2d 233, 238 [296 P.2d 592]; *Estate of Schnell,* 82 Cal.App.2d 170 [185 P.2d 854]; *Elconin* v. *Yalen,* 208 Cal. 546 [282 P. 791].) The judge's experience and knowledge afford sufficient basis for the fixing of the amount of an attorney's fee, even in the absence of specific evidence on the subject. (*Howard* v. *Howard, supra,* p. 238; *Jones* v. *Jones, supra,* p. 64.) This last mentioned rule is predicated upon the basis that evidence as to the reasonable value of the services is necessarily before the trial court when it hears the case, and that the trial judge, being a lawyer, can readily ascertain from the case the value of the services performed in his presence and the approximate time spent in preparation. (*Jones* v. *Jones, supra,* p. 64.) ■ Because the matter of awarding compensation for services rendered by an attorney is left, to so great a degree, in the judicial discretion of the trial court, its determination will not be disturbed unless the sum allowed is plainly and palpably exorbitant and such as shocks the conscience of an appellate court. (*Libby* v. *Kipp,* 87 Cal.App. 538, 544 [262 P. 68]; *Howard* v. *Howard, supra,* p. 238.)

In the instant case we have a proceeding, the hearing of which before the court, took less than one-half day. The court did not indicate in its memorandum decision whether its award of $1,850 was only for the services at the hearing and the preparation therefor, or whether it included the services covering the nine-year period prior to the hearing. The record indicates an attempt on the part of the respondent to establish the rendition of the services during the nine-year period in addition to those connected with the hearing. Indeed, the respondent inferentially concedes, in her brief, that an award of $1,850 for the services connected with the hearing only would be exorbitant because her argument therein is essentially devoted to a substantiation of the reasonableness of the award for the services performed during the nine-year period.

■ While the trial court in the instant case was authorized on the basis of its own experience and knowledge to fix the amount of counsel fees in connection with the hearing and its preparation, even in the absence of specific evidence, it could not, in our opinion, exercise its discretion in fixing the value of the services prior to said hearing and its preparation without some showing as to the nature and amount of

work counsel had expended in this case during the nine-year period in question. No such showing has been made here.

■ While the court is empowered, under Civil Code section 137.3, to award attorney's fees for services rendered prior to an application for modification, such an award is limited to such attorney's fees as "may be reasonably necessary" to maintain such proceeding.[4] In our opinion section 137.3 does not authorize an award for every consultation or legal service rendered to the applicant in connection with a child support case, but such allowance must be for services reasonably related to and necessary for the preparation and maintenance of the proceeding then before the court.[5] In the case at bench, the record discloses that the services rendered during the nine-year period consisted of advice with reference to the respondent's legal position with reference to support payments, and an investigation concerning the whereabouts of the appellant. It was incumbent upon the respondent, therefore, to show that these services were reasonably related to the preparation of the proceeding for modification of the order for child support.

■ Because an award for attorney's fees in a child support modification proceeding is not a matter of right and rests in the trial court's sound discretion, it was also incumbent upon the respondent to make a showing that she *needed* the allowance for attorneys' fees. The respondent made no affirmative showing as to such necessity. The only evidence as to her circumstances consisted of evidence adduced on cross-examination that she owned a one-half interest in her home, which was mortgaged, and that she was employed, her gross earnings amounting to $100 per week.

[4] The pertinent portion of Civil Code section 137.3 reads as follows: "During the pendency of any action . . . for the custody, support, maintenance or education of children, the court may order the . . . father or mother . . . to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees if such relief is requested in the complaint, cross-complaint or answer; . . . In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorney's fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein. . . . Attorney's fees and costs within the provisions of this section may be awarded for legal services rendered or costs of action incurred prior . . . to any application or order of court therefor. . . ."

[5] It should be noted that in her affidavit in support of the motion the respondent states that she "has no money or other means with which to pay her counsel *for bringing this proceeding,* and that defendant is well able to pay plaintiff's counsel the sum of $2,500.00 as and for attorneys' fees herein." (Italics added.)

While this evidence might meet the test of a minimal showing from which the court might draw an inference of need, the question of need is necessarily related to the amount of attorneys' fees found to be reasonable and for which an award could properly be made. The trial court might properly conclude that a person in such circumstances was unable to pay fees in the sum of $1,850, yet if such fees were determined to be a sum such as $250, for example, the court might conclude that the respondent was able to pay said sum.

 We conclude, therefore, that under the state of the record the court abused its discretion in making the award for $1,850. We are of the opinion, however, that under the circumstances a proper disposition of the matter of attorneys' fees requires a retrial of that issue.

The order for attorneys' fees is reversed with directions to rehear the application on the basis of all the circumstances relating to the respondent's right to an award of counsel fees. In all other respects the order is affirmed.[6] The respondent shall have her costs on appeal.

Bray, P. J., and Sullivan, J., concurred.

---

[6]No attack was made on appeal by the appellant as to the order for security with reference to the child support payments.