[Civ. No. 23146.   First Dist., Div. Three.   Apr. 6, 1967.]

PEGGY JOANNE HICKS, Plaintiff and Respondent, v. ALSIE HICKS, Defendant and Appellant.

Ollie M. Marie-Victoire and Jacob L. Karesh for Defendant and Appellant.

Kathryn Gehrels and Patricia C. Remmes for Plaintiff and Respondent.

BROWN (H.C.), J.—This is an appeal from the order denying the motion of Alsie Hicks (hereinafter referred to as husband) to modify a judgment of divorce which awarded the custody of the children to Peggy Joanne Hicks (hereinafter referred to as wife) and from two separate orders awarding fees to her attorney.

Wife was previously awarded a divorce on the ground of extreme cruelty. There are four children the issue of this marriage as follows: Stanley, 13 years; Dennis, 12 years; Melinda, 9 years; and Brenda, 7 years. The final judgment of divorce was granted June 28, 1963, and wife married John C. Lewis (hereinafter referred to as Lewis) on the following day.

(1) Did the trial court err in failing to modify the custody provisions of the decree of divorce?

Husband's motion to modify the custody provisions of the decree was based solely on his contention that the association

of his children with their stepfather Lewis would be detrimental to their welfare. He urges that the trial court erred in rejecting evidence of Lewis' misconduct, his prior marriages and his criminal record.

■ The law is quite emphatic that in order that the best interests of the minor children may be served it is the duty of the trial court to make the fullest possible inquiry into the facts, circumstances and environment of the parties having the custody. (*Feist* v. *Feist*, 236 Cal.App.2d 433, 435 [46 Cal.Rptr. 93] ; *Immerman* v. *Immerman*, 176 Cal.App.2d 122, 127 [1 Cal.Rptr. 298] ; *Faulkner* v. *Faulkner*, 153 Cal.App.2d 751, 755-756 [315 P.2d 14].) In a divorce proceeding involving the custody of minor children, primary consideration must be given to the welfare of the child. (*Goto* v. *Goto,* 52 Cal.2d 118, 123 [338 P.2d 450] ; *Sanchez* v. *Sanchez,* 55 Cal.2d 118, 121 [10 Cal.Rptr. 261, 358 P.2d 533].)

■ Where the character of a witness is in issue (e.g., custody proceedings), specific acts of misconduct are admissible. (Witkin, Cal. Evidence (2d ed. 1966) §§ 327-328, pp. 290-291.) The criminal background of a stepparent or close associate of a parent is a proper factor to be considered by the trial court. (*Guardianship of Davis,* 162 Cal.App.2d 648, 649 [328 P.2d 455] ; *Reynolds* v. *Reynolds,* 149 Cal.App.2d 409, 413-414 [308 P.2d 921].)

There is evidence of Lewis' character in the record. A ''rap sheet'' which was admitted for limited purposes after the close of the oral proceedings disclosed that Lewis was an ex-convict. He had been sentenced to five years in a federal prison for a narcotics conviction and had previously spent 30 days in jail for vagrancy. His record showed other arrests but none following the federal court conviction 12 years prior to these proceedings. There was no evidence proffered as to any recent misconduct.

■ Evidence of prior misconduct must have a direct bearing on the present condition affecting the welfare of the children. (*Sanchez* v. *Sanchez, supra.*) ■ In *Guardianship of Smith,* 147 Cal.App.2d 686, 693 [306 P.2d 86], the court said: ''Fitness is to be determined as of the time of the hearing. [Citations.] But the trial court has wide discretion in passing on the admissibility of evidence relating to the issue of present fitness, and may allow evidence to be introduced relating to the past conduct of the parent and of the nonparent for a reasonable period prior to the hearing. . . .'' (See also *Sanchez* v. *Sanchez, supra*; *Prouty* v. *Prouty,* 16

Cal.2d 190, 194 [105 P.2d 295]; *Phillips* v. *Phillips*, 181 Cal.App.2d 211, 213 [5 Cal.Rptr. 125].) ▮▮ Since none of Mr. Lewis' past misconduct was related to any present unfitness, it was within the trial court's discretion to exclude the evidence on the grounds of remoteness.

The parties entered into a stipulation that the Domestic Relations Commission report be admitted in evidence. This report recommends that the children remain in wife's custody. It stated that wife's home is neat and orderly, that the artistic achievements of different members of the family are appreciated, that Mr. Lewis bestows a good deal of attention and affection on the children, that the children are "courteous, spontaneous, goodnatured and healthy" and that all the children wish to remain with their mother. The report also states that an interview with the school principal revealed that the children "are always immaculately and neatly dressed, punctual, well behaved, obedient and quiet" and that "The mother and stepfather were seen as 'terrific parents,' cooperative in all school affairs. . . ." Wife testified that the children attend public schools, catechism on Saturday and church on Sunday.

Husband does not contend that wife is unfit to have the custody of the children.

In *Goto* v. *Goto, supra,* at p. 123 the court declared: "The determination of what is best for the children lies in the first instance in the discretion of the court and upon review, that determination will not be set aside without a showing of an abuse of discretion. 'It is the settled rule that, in determining who should have the custody of the minor children of the parties to divorce actions, a very broad discretion is vested in trial courts. It is only when a clear case of abuse of said discretion is made out that this court will interfere with the determination of the trial court on appeal.' (*Prouty* v. *Prouty*, 16 Cal.2d 190, 191 [105 P.2d 295].)''

▮▮ The trial court made a full inquiry and did not abuse its discretion in refusing to modify the custody provisions of the divorce decree.

(2) Was it an abuse of discretion for the trial court to award respondent attorney's fees?

Appellant also appeals from a minute order awarding respondent $350 in attorney's fees and from an order awarding respondent $500 in additional attorney's fees. Section 137.3 of the Civil Code as amended in 1957 provides in pertinent part as follows: "During the pendency of any action

. . . for the custody, support, maintenance or education of children, the court may order the husband or wife, or father or mother, as the case may be, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees. . . . In respect to services rendered or costs incurred after the entry of judgment, the court may award . . . attorney's fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, whether or not such relief was requested in the complaint, cross-complaint or answer, and may thereafter augment or modify any award so made. . . .''

■ An award of attorney's fees in a custody proceeding is not a matter of right but rests in the sound discretion of the trial court and its determination will not be reversed on appeal in the absence of a clear showing of abuse. (*Chapman* v. *Tarentola*, 187 Cal.App.2d 22, 25 [9 Cal.Rptr. 228]; *Primm* v. *Primm*, 46 Cal.2d 690, 696 [299 P.2d 231]; *Wilder* v. *Wilder*, 214 Cal. 783, 785 [7 P.2d 1032]; *Straub* v. *Straub*, 213 Cal.App.2d 792, 799 [29 Cal.Rptr. 183].) ■ Requisite to the granting of such an award is a finding that the award is necessary which involves the twofold determination whether the applicant is in need of funds to pay counsel, and whether the defense is being prosecuted in good faith. (*Chapman* v. *Tarentola, supra,* 25-26.) The important question is whether the wife has need of money. (*Chapman* v. *Tarentola, supra,* 26.)

■ The evidence disclosed that wife was employed five days per week. Her net earnings amounted to $340.65 per month. Husband earned the sum of $6,000 through October of 1964. There was sufficient evidence in the record to support the trial court's ruling that husband should pay wife's attorney. The sum of $850 cannot be said to be unreasonable for five court appearances and the attendant services of trial preparation. ■ "It has . . . been a long established rule in this state that in the allowance of attorneys' fees, . . . experience of the trial judge furnishes every element necessary to fix the value of services rendered by an attorney in handling a legal problem." (*Straub* v. *Straub*, 213 Cal. App.2d 792, 799-800 [29 Cal.Rptr. 183].) ■ The award was reasonable. We find no merit in husband's other contentions.

The orders appealed from are affirmed.

Draper, P. J., and Salsman, J., concurred.