113 Cal.App.3d 423 (1980)
169 Cal. Rptr. 848
In re MARIANNE R., a Person Coming Under the Juvenile Court Law.
STANLEY R., Plaintiff and Appellant,
v.
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, Defendant and Respondent.
Docket No. 57883.
Court of Appeals of California, Second District, Division Four.
December 17, 1980.
*425 COUNSEL
Shan K. Thever, under appointment by the Court of Appeal, for Plaintiff and Appellant.
John H. Larson, County Counsel, and Ronald J. Selgrath, Deputy County Counsel, for Defendant and Respondent.
OPINION
KINGSLEY, J.
On January 25, 1979, a petition was filed in juvenile court alleging that the previous disposition of the court regarding the minor child, Marianne, had not been effective. Previously, Marianne had been placed in a foster home and allowed visits at the home of her father, appellant Stanley R.
On January 26, 1979, the matter was continued and the court ordered that the minor be detained in DPSS shelter care with appellant being allowed to visit in the presence of a responsible adult.
On March 6 the court sustained the petition, the minor was ordered to remain in the foster home, and the matter was continued two more times.
On June 21, 1979, the court ordered that the minor was to remain a dependent child of the juvenile court. The previous order of placement in the foster home was ordered to remain in full force and effect, the court found the sexual allegations to be true.
Notice of appeal was filed.

*426 FACTS
On May 30, 1978, Marianne was declared a dependent child of juvenile court, and the minor has been residing in a foster home. The minor went to visit her father and when she returned to the foster home, she complained that her "front bottom" (referring to her vaginal area) was sore. The foster mother took the child to the hospital and the police were called. The minor at first told the police that the little girl next door caused her soreness. Upon further questioning by the officer, the minor said that appellant had taken her zipper down and put his right index finger into her "front bottom."
The father denied the above. He claimed that his daughter told him she had a pain in her "front bottom" and he had unzipped her pants and looked to see if she had any visible injuries or bleeding.

I
(1) Appellant alleges that the trial court erred in admitting evidence concerning appellant's prior sexual relationship with his stepdaughter Jana K. The court permitted testimony to the effect that appellant had engaged in similar sexual conduct with his stepdaughter, Jana, since Jana was 12 years old, and that the sexual conduct continued until appellant eventually fathered a child by his stepdaughter, when she was about 16 or 17 years old.
We need not, in this case, determine whether that testimony showed conduct meeting the requirements of People v. Thomas (1978) 20 Cal.3d 457 [143 Cal. Rptr. 215, 573 P.2d 433], for the admission of such testimony in criminal prosecution. The admissibility of the testimony in this case is governed, not by Thomas, but by the provision of section 355.5 of the Welfare and Institutions Code, which reads as follows: "Proof that either parent, the guardian, or other person who has the care or custody of a minor who is the subject of a petition filed under Section 300, has physically abused, neglected or cruelly treated another minor shall be admissible in evidence." The proceeding here before us, although initiated by a petition under section 387 of the Welfare and Institutions Code, is still a part of the original section 300 proceeding, being one for the modification of the original disposition order; the section 387 petition is no more than a notice of intended modification, similar to an order to show cause re modification in a marital dissolution action.

*427 II
(2) Appellant argues that the court erred in admitting the hearsay testimony of Officer Shinn, as to what Marianne had told him in the hospital concerning appellant's sexual conduct with her. Appellant argues that such testimony is inadmissible hearsay. The testimony was properly admitted. In People v. Butler (1967) 249 Cal. App.2d 799 [57 Cal. Rptr. 798], the court allowed a mother to testify concerning a child's complaint to her about defendant's sexual conduct toward him. The court held that testimony concerning the child's complaint was admissible because it was admitted to show the fact of complaint and to forestall the assumption that none was made. (People v. Butler (1967) 249 Cal. App.2d 799 [57 Cal. Rptr. 798].) Under this "complaint doctrine" a third person may testify in a sex case that the victim complained of a sex act. (People v. Brown (1973) 35 Cal. App.3d 317 [110 Cal. Rptr. 854].)
Appellant argues that the complaint doctrine should not apply in civil cases. We do not agree. In People v. Brown, a criminal case, supra, the court cited language from People v. Burton (1961) 55 Cal.2d 328 [11 Cal. Rptr. 65, 359 P.2d 433], also a criminal case, extrapolating on the reasoning behind the "complaint doctrine," and explaining why the victim's nonjudicial complaint is permitted. The court said, "It is natural to expect that the victim of such a crime would complain of it, and the prosecution can show the fact of complaint to forestall the assumption that none was made and that therefore the offense did not occur." This reasoning in Brown and in Burton would apply to a civil case as well as a criminal case, since showing the fact of the complaint in a civil case also forestalls the assumption that no complaint was made and therefore the complained of conduct did not occur. Thus, there is no convincing reason to limit the "complaint doctrine" exception to the hearsay rule to criminal cases only, and testimony concerning Marianne's complaint was properly admitted in the civil action.

III
(3) Finally, appellant argues that the evidence was unduly prejudicial under Evidence Code section 352. Evidence Code section 352 reads as follows: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create *428 substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."
The court has used the following standard in applying Evidence Code section 352. In Kessler v. Gray (1978) 77 Cal. App.3d 284 [143 Cal. Rptr. 496] the court said at pages 291-292:[1] "The more substantial the probative value of the evidence, the greater the danger of the presence of one of the excluding factors that must be present to support an exercise of trial court discretion excluding the evidence."
"Where the evidence relates to a critical issue, directly supports an inference relevant to that issue, and other evidence does not as directly support the same inference, the testimony must be received over a section 352 objection absent highly unusual circumstances."
In the case at bar the objected to testimony was highly probative on a critical issue, that is, whether or not appellant had engaged in sexual conduct with his daughter, or whether she had been injured in some other way, as appellant had claimed.
The order appealed from is affirmed.
Files, P.J., and Munoz, J.,[*] concurred.
NOTES
[1] Quoting from Jefferson, California Evidence Benchbook, pages 288, 289.
[*] Assigned by the Chairperson of the Judicial Council.