[No. B004398. Second Dist., Div. Five. Nov. 29, 1984.]

In re DOROTHY I., a Person Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF
PUBLIC SOCIAL SERVICES, Plaintiff and Respondent, v.
ROBERT I., Defendant and Appellant.

**COUNSEL**

Anthony P. Brooklier and Marks & Brooklier for Defendant and Appellant.

De Witt W. Clinton, County Counsel, and David F. Skjeie, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**HASTINGS, J.**—The juvenile court found the minor, three-year-old Dorothy I., to be a dependent child of the court under Welfare and Institutions Code section 300, subdivisions (a) and (d). Dorothy was removed from the custody of appellant, her father, and placed with her stepmother, Joanne I.

The original petition filed with the juvenile court alleged that appellant had sexually molested Dorothy and another child, appellant's step-granddaughter. Subsequently, a filed amended petition added a second count alleging appellant had molested Diane G., Dorothy's half-sister, at the age of nine or ten. Diane G. was an adult at the time of the amendment. On the day of the trial counsel for the County of Los Angeles dismissed count I and proceeded to trial on the allegations of count II which were used to prove the requirements of section 300, subdivisions (a) and (d).

At the conclusion of trial, the court amended the petition to conform to proof, sustained the further amended petition, and made additional findings of fact.

The court found that:

"(1) The father demonstrated a course of conduct over a period of approximately 10 years which was dangerous to the physical and mental well-being of minor's female sibling.

"(2) This conduct included: (a) forcing the minor's sibling on numerous occasions prior and subsequent to age nine to sit on his lap when his penis was erect; (b) fondling the minor's sibling's breasts from age nine through the teen-age period; (c) inserting his finger in minor's sibling's vagina and anus; and (d) observing minor's sibling in the nude contrary to her wishes.

"(3) The course of conduct constituted sexual molestation.

"(4) There is a substantial present danger posed to minor Dorothy as a result of the prolonged abusive conduct of the father toward minor Dorothy's sibling.

"(5) Due to the tender years of minor Dorothy, three years at the time of the within allegation, and thus her inability to articulate dangers to her person, the Court's jurisdiction is necessary."

Following three further hearings the court made its disposition order declaring the minor to be a dependent of the court and placing her in the home of her stepmother, Joanne I. Appellant's notice of appeal was timely filed.

■ Appellant does not challenge the sufficiency of the evidence found in the court's findings of fact, *supra*. It is his contention that the juvenile court should not have been allowed to independently consider and sustain jurisdiction over the minor child solely on the basis of appellant's prior sexual misconduct with Diane G. occurring over 15 years earlier. He contends there was no evidence to support the first count alleging molestation of his daughter, Dorothy; therefore, the court could not have retained jurisdiction over Dorothy based on what is commonly referred to as a sibling petition.

Robert cites no authority in support of his argument. Sibling petitions have been accepted for many years in this jurisdiction and others. The state may intervene to protect a minor when the minor's sibling has been mistreated. In *In re Edward C.* (1981) 126 Cal.App.3d 193 [178 Cal.Rptr. 694], the parents had three children, Marlee, a daughter, and two sons, Eric and Edward. The evidence proved brutal treatment by the parents on Marlee, but the parents on appeal argued that there was insufficient evidence of actionable treatment against the boys and that the court could not consider the parents' treatment of Marlee as a justification for removing the boys from their parental control. The opinion, pages 202 to 203, states: "The evidence overwhelmingly supports the finding that appellants' home was an unfit place for Marlee by reason of the father's cruel and inhuman corporal punishment of her. Such evidence is admissible on appellants' exercise of proper and effective control of Eric and Edward. (§ 355.5.) The severe, repeated beating of Marlee for such childhood infractions as bed wetting and inability to remember a Sunday school lesson amply demonstrate the father's pitiless and unreasonableness approach to discipline. The court could reasonably infer that the father, with Marlee removed, would substitute either one or both of the boys as an object of his ruthless drive for religious perfection by some standard known only to him. (See *In re Jeannie Q.* (1973) 32 Cal.App.3d 288, 304 [107 Cal.Rptr. 646]; *In re Luwanna S., supra,* 31 Cal.App.3d 112, 115 [107 Cal.Rptr. 62]; *In re Biggs* (1971) 17 Cal.App.3d 337, 342 [94 Cal.Rptr. 519]; *Review of Selected 1976 California Legislation, Juvenile Law; dependency hearings* (1977) 8 Pacific L.J. 425-427.)"

In *In re Michael S.* (1981) 127 Cal.App.3d 348 [179 Cal.Rptr. 546], the court took jurisdiction over Michael even though Michael was not born at the time of jurisdictional allegations as to other siblings. The siblings were sexually abused over a period of years by their father. Their mother consistently failed to take steps to protect them. The court took jurisdiction over Michael based upon the conduct of the father on the other children which occurred prior to Michael's birth.

A State of Washington case clearly spells out the concept of a sibling petition. In *In re Miller* (1952) 40 Wn.2d 319 [242 P.2d 1016], the Washington State Supreme Court affirmed the termination of a father's parental rights over his four children. Three of the minor children had received comparatively minor mistreatment, but the court reasoned that it was proper to infer the father was unfit to further parent any of the children from the evidence of his brutalization of the oldest child. The court noted, ". . . [I]f the finding that the father is brutal and sadistic is borne out by testimony of brutal treatment of one child, that would be sufficient, in the court's discretion, to warrant removal of all children from his custody. A father does not have the privilege of inflicting brutal treatment upon each of his children in succession before they may individually obtain protection of the state." (*Id.* at p. 1018.)

We conclude that the court properly retained jurisdiction based upon the second count of the amended petition even though the first count had been dismissed.

■ The court permitted David L. Corwin, a child psychiatrist, to testify over the objection of appellant, that there was a "substantial present danger posed to minor Dorothy as a result of the prolonged abusive conduct of the father toward minor Dorothy's sibling." Appellant contends this constitutes reversible error because Evidence Code section 1101 makes evidence of a person's character or a trait of his character inadmissible when offered to prove misconduct on a specified occasion. This argument is of no avail in the context of this case. In *In re Marianne R.* (1980) 113 Cal.App.3d 423, 426 [169 Cal.Rptr. 848], the appellant had argued that the trial court erred in admitting evidence concerning his prior sexual relationship with his stepdaughter, Jana K. The court permitted testimony to the effect that appellant had engaged in sexual conduct with his stepdaughter, Jana K., since she was 12 years old. The opinion states in affirming the admittance of the testimony "[w]e need not, in this case, determine whether that testimony showed conduct meeting the requirements of *People* v. *Thomas* (1978) 20 Cal.3d 457 [143 Cal.Rptr. 215, 573 P.2d 433], for the admission of such testimony in criminal prosecution." The admissibility of the testimony in this case is governed, not by *Thomas,* but by the provision of section 355.5 of the Welfare and Institutions Code, which reads as follows: "Proof that either parent, the guardian or other person who has the care or custody of a minor who is the subject of a petition filed under section 300, has physically abused, neglected or cruelly treated another minor shall be admissible in evidence."

Evidence Code section 1100 does permit ". . . evidence in the form of an opinion, evidence of reputation, and evidence of specific instances of

such person's conduct . . ." when the parent's character is the central issue. Established law has recognized that the character of a parent is at issue in child's custody actions. (Witkin, Cal. Evidence (2d ed. 1966) § 327, p. 290; *Estate of Akers* (1920) 184 Cal. 514, 519 [194 P. 706]; *Hicks* v. *Hicks* (1967) 249 Cal.App.2d 964, 967 [58 Cal.Rptr. 63].) The Assembly Judiciary Committee's Report of 1969 Divorce Reform Legislation, in describing the purpose of Civil Code section 4509, states: "In child custody actions the character of the potential custodian is important and limited specific acts of misconduct might be the only available evidence of character. . . ." The same concept applies in dependency actions.

Robert's reliance on the recent case of *In re Cheryl H.* (1984) 153 Cal.App.3d 1098 [200 Cal.Rptr. 789], is misplaced. The court disallowed certain psychiatric testimony on the character traits of a defendant accused of child molestation because some past incidents of incestuous conduct used to support the psychiatric opinion were offered to prove the charge against the defendant. The court said the evidence ". . . leads us to the conclusion that Mr. H. had a character trait, the propensity to sexually abuse children, and acted in conformance with that propensity in this instance by sexually abusing his daughter. This inference is prohibited by section 1101 of the Evidence Code which bans character evidence in civil cases." (*Id.* at pp. 1123-1124.) In our present case the character evidence is not being used to prove a charge of past conduct against appellant, but is being used in helping the court determine his predisposition toward future sexual abuse with the minor Dorothy. This type of character evidence is essential, when available, to aid the court in dependency actions, which are concerned with the future well-being of a minor.

The order appealed from is affirmed.

Feinerman, P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 13, 1985.